# CHARLESTON.

L. W. HUMPHREYS, ADM'R *v.* COUNTY COURT OF MONROE COUNTY.

Submitted February 7, 1922.   Decided February 14, 1922.

1. TAXATION—*Question of Taxability of Property, Whether Pertaining to Character or Ownership, is a Judicial One Subject to Review.*

   The question of taxability of property, whether pertaining to its character or to the ownership thereof, is a judicial one as to which the finding and determination of the taxing authorities may be judicially reviewed and corrected, if erroneous.   (p. 318).

2. SAME—*County Court May Correct any Assessment Error Other Than One of Valuation.*

   By virtue of sec. 132a of ch. 29 of the Code, a county court may correct any error in an assessment of property for taxation, other than one of valuation.   (p. 318).

3. SAME—*County Courts Act Judicially in Passing on Application for Exoneration From Taxes on Ground of Nonownership.*

   In passing upon an application for exoneration from taxes charged against the applicant, upon the ground that he did not own the property in respect of which such charge was made and was not liable for taxes as to it, a county court acts judicially.   (p. 318).

4. SAME—*Circuit Court May Review County Court's Action on Such Application.*

   No express remedy having been provided for review of its action in such case, the circuit court has jurisdiction to review the same by the writ of *certiorari.*   (p. 318).

5. SAME—*Circuit Court May Enter Such Judgment as County Court Should Have Entered Upon Review of its Action Upon Such Application.*

   In such case, the circuit court has jurisdiction and power, by virtue of sec. 3 of ch. 110 of the Code, to hear and de-

termine the matter in controversy, upon the record made in the county court, and enter such judgment as the county court should have entered. (p. 318).

6. SAME—*Supreme Court of Appeals may Enter Such Judgment as the Circuit Court Should Have Entered upon Error to the County Court to Review Decision on Such Application.*

To the judgment of a circuit court in such case, a writ of error lies from the Supreme Court of Appeals, and upon it, such judgment may be reversed, if erroneous, and such judgment rendered as the circuit court should have entered. (p. 318).

7. SAME—*Tax may Not be Assessed to Estate upon Property Distributed on Theory of Wrongful Distribution, Giving Decedent Right to Recover.*

If an administrator applying for exoneration from taxes charged against his intestate, in respect of a large sum of "money" assessed to her, proves, upon his application, that she had been possessed of such money, before the years for which such taxes were charged, but had caused the same to be distributed among her children prior to such year, the exoneration cannot be refused upon evidence tending to show an unauthorized distribution by one of the children to himself and the others and the theory that the decedent had rights of action against them to recover it, in the year of the assessment. (p. 320).

8. SAME—*Decedent's Right of Action Held Neither "Money" or "Credit" Within Tax Statute.*

Such a right of action would be neither "money" nor a "credit" within the meaning of secs. 61 and 62 of ch. 29 of the Code. (p. 320).

9. WITNESS—*Children of Deceased Mother are Competent to Testify upon her Administrator's Action for Exoneration from Taxes upon Money Distributed to them.*

Children of a deceased mother among whom money was distributed by her, before her death, are competent to testify upon an application to the county court, by her administrator, for exoneration as to taxes charged against her, upon such money, after such distribution and for years in which it was not in her hands, but was held and claimed by them, by virtue of the distribution. (p. 320).

10. TAXATION—*Evidence Held to Rebut and Overthrow Presumption of Regularity of Assessment.*

Uncontradicted evidence of one of such children, to such

effect, sufficiently rebuts and overthrows every presumption of regularity and correctness in the assessment complained of. (p. 320).

11.  SAME—*Where Record Does Not Contain Sufficient Data Upon Error to Circuit Court to Review its Affirmance of County Court Judgment, to Warrant Complete and Final Order, the Case will be Remanded.*

Upon reversal in this court of a judgment of a circuit court, affirming a judgment of a county court, refusing exoneration under such circumstances, in a case in which the record does not disclose all the data necessary to a complete and final order, the right of exoneration will be adjudged and the case remanded to the Circuit Court with direction to remand it to the County Court for execution of the judgment of this court. (p. 321).

Error to Circuit Court, Monroe County.

Certiorari by L. W. Humphreys, administrator of the estate of Eliza Humphreys, deceased, to the county court of Monroe County, to review refusal to exonerate the estate from taxation on certain moneys. Action of county court affirmed, and the administrator brings error.

*Reversed and remanded.*

*John L. Rowan,* and *Thomas N. Read,* for plaintiff in error.
*R. L. Clark,* for defendant in error.

POFFENBARGER, PRESIDENT:

The defendant in this writ of error to a judgment of the Circuit Court of Monroe County, affirming the action of the County Court of that county, in its refusal to exonerate the estate of Eliza Humphreys, deceased, from taxation on the sum of $50,000.00 in money, for the years 1919 and 1920, upon the ground that she, living in those years, did not own said sum of money, relies only upon the correctness of the judgment and finding complained of. It makes no denial of either the jurisdiction of this court or of the Circuit Court, but the plaintiff has submitted argument in support of the jurisdiction of both. Notwithstanding the agreement thus evidenced, it is deemed advisable to ascertain whether such jurisdiction is well founded.

The circuit court reviewed the action of the county court, upon a writ of *certiorari,* under the impression that the question raised in the latter court was judicial and subject to review and that the Legislature had prescribed no appellate procedure in such cases. Right of judicial review of the action of the county court or other taxing tribunal, on the question of taxability of property in respect of which a citizen is taxed, is put beyond question by our decisions. *Copp* v. *State,* 69 W. Va. 439; *Bank of Bramwell* v. *County Court,* 36 W. Va. 341; *Southside Bridge Co.* v. *County Court,* 41 W. Va. 658; *State* v. *South Penn Oil Co.,* 42 W. Va. 80; *Clark* v. *County Court,* 55 W. Va. 278.

Right of the citizen to apply to the county court for an exoneration from taxes assessed upon non-taxable property, or assessed against him, upon property he does not own, is expressly conferred by sec. 132a, ch. 29, Code. It cannot exonerate upon the ground of excessive valuation of taxable property, but it may correct any error in an assessment, other than one of valuation. Neither that section nor any other statute expressly gives a right of appeal to the Circuit Court.

Being a court of general jurisdiction and superior in character and status, the circuit court has power to review judicial proceedings of the county court and correct errors therein, by writ of *certiorari,* in the absence of any provision for such review and correction in any other manner. *Dryden* v. *Swinburne,* 15 W. Va. 255; *Welch* v. *County Court.* 29 W. Va. 63; *Poe* v. *Machine Works,* 24 W. Va. 517; *Beasley* v. *Beckley,* 28 W. Va. 81; *Meek* v. *Windon,* 10 W. Va. 180.

Jurisdiction in this court, to review the judgments of circuit courts in such cases, by writ of error, is well established. *Copp* v. *State,* 69 W. Va. 439; *Southside Bridge Co.* v. *County Court,* 41 W. Va. 658; *Hannis Distilling Co.* v. *County Court,* 69 W. Va. 426. Under the provisions of sec. 3, ch. 110, Code, the circuit court, upon *certiorari,* can ''determine all questions arising on the law and evidence, and render such judgment or make such order upon the whole matter, as law and justice may require.'' And upon a writ of error, this court can render such judgment as the circuit court should have entered.

A bill of exceptions to the rulings of the county court, against the applicant, taken by him, discloses that Mrs. Eliza Humphreys, residing in Monroe County, W. Va., in 1917, inherited from her brother, dying in the State of Georgia, some real estate in Monroe County and in Georgia, and also $50,000.00 in money. On June 29, 1917, she executed a power of attorney to her son, W. J. Humphreys, authorizing him "to convey real estate, personal property or any and all rights therein," as fully and completely as she herself could · dispose of her property. He was introduced as a witness and testified that, under the authority so conferred, he distributed the whole of said $50,000.00, in the months of August and October, 1917, among himself, his brother, L. W. Humphreys, and his sister, Mrs. I. R. Le Sage, by checks drawn on the bank in which it was deposited, at Augusta, Ga. For the shares of the brother and sister, he drew checks payable to them, and, for his share, he made the checks payable to his brother who placed the amounts thereof to his credit. The checks for all the payments so made, with proper endorsements thereon, were exhibited and filed with his testimony. In addition to the evidence of this witness, affidavits of his brother and sister, showing distribution of the fund, were tendered. It was further shown by the witness W. J. Humphreys, that his mother, having been charged with said sum of $50,000.00 on the personal property book for the year 1918, had herself procured from the county court an exoneration as to said sum, upon showing she did not own or possess the money. Upon a motion made by the attorneys representing the county, all of this evidence was rejected and the exoneration refused. To these rulings the applicant excepted and took his bill of exceptions as has been stated.

Timeliness of the application made to the county court seems not to be questioned. For the year 1919, the fund was not charged to Mrs. Humphreys. But, in 1920, she was charged with it for that year and she was then back-taxed as to it, for the year 1919. The application for exoneration was made within one year from the date of the assessment made for both years, in 1920.

One theory of the county court is that, in as much as the power of attorney was general in its terms and did not expressly authorize distribution of the fund, nor name the distributees, the distribution was invalid and the distributees liable to the estate, wherefore the estate had choses in action against the two sons and daughter, amounting in the aggregate to $50,000.00. W. J. Humphreys, however, testified that his mother had verbally requested him to make the distribution, as it was made, and also that she had manifested her knowledge of it and satisfaction with it, by her procurement of exoneration, as above stated, from taxation on the money, for the year, 1918. As the assessment now involved was made against her in 1920, she must have lived about two years, at the least, with knowledge of the distribution and without complaint of it.

There are choses in action, however, that are clearly not taxable. A mere claim for unliquidated damages growing out of a tort would not fall within the term, "credit," as defined by sec. 62 of ch. 29 of the Code. It includes claims and demands "owing upon bond, note, certificate, book account, or otherwise." To come within the meaning of the term, "owing," it must be evidenced as a debt in some way or expressly or impliedly admitted as a debt due or to become due. A mere disputed and unackowledged demand or claim is not taxable as a credit. It must have been in its inception, or be at the time of the assessment, a debt of some kind, due or to become due. Again, if it were a taxable chose in action, within the meaning of the term "credit," it would not be taxable as "money," and its actual value, which might be only a small fraction of $50,000.00, would be the basis of taxation.

Alleged incompetency of W. J. Humphreys as a witness, however, seems to be the principal ground of argument as well as of the decisions of the county and circuit courts. The affidavits were excluded both upon the theory of incompetence of the affiants, they being the distributees, and the form of their evidence, but the evidence of W. J. Humphreys was excluded upon the theory of disqualification only. If his evidence is admissible, it obviously sustains the application, because it is wholly uncontradicted. None of the witnesses were

disqualified. This litigation is between the estate and the county court in its own right and as representing the state. The subject of litigation is an assessment against the estate, and the witnesses testified in favor of the estate and the decedent, not against her. They and the administrator make common cause against the taxing authorities in favor of the estate in which they are interested, not against it. Although the interests of the distributees against their mother's estate are disclosed by their testimony and are based upon personal transactions and communications with her, those interests are not the subject of this litigation and their adversary in it is not a deceased person. Their testimony goes only to the right of taxation, the only subject of controversy. The decision in this proceeding cannot affect any controversy between them and the estate, in any way. Nor could their testimony here be admitted in litigation between them and the estate. Such interest as they have in this litigation does not disqualify them. *Crothers* v. *Crothers,* 40 W. Va. 169; *Gilmer's Adm'r* v. *Baker's Adm'r.* 24 W. Va. 72. As the evidence of W. J. Humphreys is admissible and fully proves the applicant's case, it is unnecessary to inquire whether the affidavits of the other distributees were admissible.

Nor is there any occasion to say whether the circuit court had jurisdiction to try the case *de novo,* and admit evidence in addition to that upon which the county court acted. After having gone outside of the record, upon the issue, it discarded the additional evidence taken and affirmed the judgment, upon the record as certified by the county court.

The presumption in favor of correctness and regularity of the assessment was clearly and fully rebutted and overthrown by the admissible evidence to which reference has been made.

For the reasons stated, the judgments of the circuit court and the county court are clearly erroneous and will have to be reversed. An order will be entered here, reversing them, adjudicating the right of the applicant, to have the estate of his intestate exonerated from payment of taxes on said sum of $50,000.00, and remanding this case to the Circuit Court of Monroe County, with direction to that court to remand it to the County Court of Monroe County, for entry of a proper

order of exoneration, in execution of the judgment rendered here, since the record on which the case was heard in the circuit court and here does not disclose the data essential to some parts of the final order.

*Reversed and remanded.*