TERESA SPURDONE *v.* HONORABLE HARRY SHAW, *Judge, etc.*

(No. 7794)

Submitted October 4, 1933.    Decided October 17, 1933.

*J. V. Blair, Jr.,* for relator.

LITZ, JUDGE:

The license of relator, Teresa Spurdone, to dispense non-intoxicating beer, was revoked by the tax commissioner under

section 99, chapter 20 (Acts of the Legislature in Extraordinary Session, 1933), known as the non-intoxicating beer bill.

She seeks, by mandamus, to compel the Honorable Harry Shaw, Judge of the Circuit Court of Marion County, to entertain her appeal from the ruling of the tax commissioner. The statute authorizes the tax commissioner to revoke such license for specified causes, subject to appeal by the licensee "to a court of competent jurisdiction".

The questions for solution are, whether an appeal in such case is violative of the constitutional scheme, separating governmental powers, and, if not, whether the circuit court of Marion County has jurisdiction to hear the appeal.

As the tax commissioner is authorized to act only for specified causes, his determination involves the exercise of judicial or quasi judicial discretion, which may, therefore, be reviewed by the judiciary. *Ellis* v. *State Road Commission,* 100 W. Va. 531, 131 S. E. 7; *Reynolds Taxi Company* v. *Hudson, Judge,* 103 W. Va. 173, 136 S. E. 833; *Quesenberry* v. *State Road Commission,* 103 W. Va. 714, 138 S. E. 362; *Board of Education* v. *Martin,* 112 W. Va. 174, 163 S. E. 850.

But why should the appeal be heard by the circuit court of Marion County? The only apparent reason is that the licensee's place of business is in that county. Section 97 of the act specifically authorizes an appeal from the ruling of the tax commissioner, in assessing brewers, manufacturers or distributors with additional tax and penalties, to the circuit court of the county in which the seat of government is located. The two sections should be read together. Code 1931, 14-2-4, provides: "All suits in which it may be necessary and proper to make any of the following public officers a party defendant as representing the State, to-wit: The governor, attorney general, treasurer or auditor; or in which it may be necessary or proper to make any of the following corporations parties defendant, to-wit: The board of public works or any other public corporation composed of officers of government, of the funds and property of which the State is sole owner; and all suits in which it shall be attempted to enjoin or otherwise suspend or affect any judgment or decree on behalf of the State, obtained in the circuit court of the county in which the seat of government is, or elsewhere, or any execution issued

on such judgment or decree, shall be brought and prosecuted in the circuit court in which the seat of government is." In *Davis* v. *West Virginia Bridge Commission*, 113 W. Va. 110, 166 S. E. 819, 821, it is stated that the manifest purpose of the statute "is to prevent the great inconvenience and possible public detriment that would attend if functionaries of the state government should be required to defend official conduct and state's property interests in sections of the commonwealth remote from the capital."

A consideration of the foregoing statutes, as well as common law principles, impels the conclusion that the appeal, whether it be regarded as a new suit or a continuation of the proceeding before the tax commissioner, should go to the circuit court of Kanawha County.

The writ is, therefore, refused.

*Writ denied.*