OSA SNODGRASS v. BOARD OF EDUCATION OF ELIZABETH
INDEPENDENT DISTRICT et al.

(No. 7407)

Submitted October 10, 1933.   Decided November 14, 1933.

J. H. Smith and A. G. Mathews, for plaintiffs in error.
J. Raymond Gordon and Wm. Bruce Hoff, for defendant in
error.

KENNA, JUDGE:

On January 19, 1932, charges were preferred against Osa
Snodgrass, a teacher in Elizabeth Independent District of
Wirt County, under the provisions of section 6, article 7,
chapter 18 of the Code.   The board of education, after a pro-
tracted hearing, on February 3, 1932, sustained the charges
and immediately dismissed the teacher.   On May 7, 1932, the
circuit court of Wirt County awarded a writ of certiorari
under the provisions of section 2, article 3 of chapter 53 of
the Code, and the proceeding was removed to that court.
Upon a review by the circuit court of Wirt County, the finding
of the board of education was set aside and the teacher ordered
to be re-instated.

The function of certiorari has been considerably expanded by the statute, under the terms of which (Code, 53-3-3), it is provided "that circuit courts shall, in addition to determining such questions as might have been determined upon a certiorari as the law heretofore was, review such judgment, order or proceeding, of the county court, council, justice or other inferior tribunal upon the merits, determine all questions arising on the law and evidence, and render such judgment or make such order upon the whole matter as law and justice may require." This means that the circuit court shall enter such judgment as the inferior court should have entered, not only in consideration of questions of law but of fact as well. *Humphreys* v. *Monroe County Court*, 90 W. Va. 315, 110 S. E. 701. It is therefore seen that the circuit judge upon hearing upon a writ of certiorari as provided for in this statute, is reviewing both law and fact, and is vested with the power to enter a proper judgment in consideration of both. This makes the circuit court, to all intents and purposes, a fact finding tribunal upon the record as it was before the inferior court. The rule, however, is different upon hearing of a writ of error in this court. In this court, on questions as to the weight of the evidence, the judgment below will not be set aside on writ of error unless it appears clearly to have been wrong. There is no question in the case here except the question of whether the evidence before the circuit court so clearly sustained the charges as to make its finding erroneous.

Without recounting in detail the evidence in the 145-page printed record before us, we deem it sufficient to say that that record has been painstakingly examined and its contents carefully weighed. From the carefully prepared written opinion of the learned trial judge, made a part of the record before us, there can be no doubt of the pains bestowed upon the case in the circuit court. We find no reason pointed out in the briefs nor contained in the record for disturbing the judgment of the circuit court of Wirt County upon this writ of error. That judgment will, therefore, be affirmed.

*Affirmed.*