STATE *ex rel.* LEON H. GINSBERG, *Commissioner,*

*Dept. of Welfare*

*v.*

CLARENCE L. WATT, *Judge,*

*Circuit Court of Mason County*

(No. 15386)

Decided December 11, 1981.

*Michael Clay Smith,* Special Assistant Attorney General, for relator.

*Musgrave, Musgrave & Casey, Raymond Musgrave and James Michael Casey,* for respondent.

NEELY, JUSTICE;

The Commissioner of the West Virginia Department of Welfare seeks a writ of prohibition by this Court directed

to Judge Clarence L. Watt of the Circuit Court of Mason County. The petitioner asks that the writ first prohibit the judge from conducting any further proceedings in a civil action involving the petitioner as defendant and Hockenberry Pharmacies Inc., William Hockenberry and David Morgan as plaintiffs, and second, prohibit him or his court from enforcing his order of 19 October 1981 which stayed the 30 July 1981 order of the Welfare Commissioner suspending the plaintiffs, Hockenberry Pharmacies Inc., William Hockenberry and David Morgan, from further participation as vendors of pharmacy services in the Medical Assistance Programs of the State of West Virginia.

The commissioner's order suspending the pharmacists came after a lengthy and protracted hearing procedure conducted by the Department of Welfare. In response to the order the suspended vendors sought further proceedings in their local bailiwick under the Administrative Procedures Act, *W. Va. Code*, 29A-1-1 *et seq.* Before holding a trial on the merits of the case, the trial court issued an order which stayed the commissioner's order of suspension. We conclude that the Administrative Procedures Act does not apply to the Department of Welfare, and that the Circuit Court of Mason County does not have jurisdiction over the case. We therefore issue the writ.

## I.

The question is whether the circuit court had jurisdiction to hear what amounts to an appeal of the commissioner's decision to suspend the pharmacists. The pharmacists argue that the Circuit Court of Mason County had jurisdiction under *W. Va. Code*, 29A-5-4 [1964] which provides for judicial review of decisions made by agencies subject to the Act. To this argument the commissioner responds that under *W. Va. Code*, 29A-1-2 [1964] the Act does not apply to the Department of Welfare. In pertinent part Section 29A-1-2 reads: "the provisions of this chapter shall not apply to rules relating to, or contested cases involving, . . . the receipt of public assistance."

We have no trouble characterizing the decision of the commissioner to suspend the pharmacists as being one which relates to "the receipt of public assistance." As a result of the commissioner's order, the pharmacy and pharmacists in question will no longer be able to receive direct state payments given to them as providers of pharmacy products to people eligible for welfare benefits.

Given that the Department of Welfare is not subject to the Administrative Procedures Act, judicial review of the commissioner's order should have been sought through a writ of certiorari under *W. Va. Code*, 53-3-1 *et seq.* where proper venue would be the Circuit Court of Kanawha County pursuant to *W. Va. Code*, 14-2-2 [1976]. Certiorari is the proper means for obtaining judicial review of a decision made by a state agency not covered by the Administrative Procedures Act. *See Mason County Board of Education v. State Superintendent of Schools*, 160 W. Va. 348, 234 S.E.2d 321 (1977).

## II.

Having determined that jurisdiction in this case is properly obtained through a writ of certiorari, we next consider the question of proper venue. *W. Va. Code*, 14-2-2 [1976] provides in pertinent part: "The following proceedings shall be brought and prosecuted only in the circuit court of Kanawha County: (1) Any suit in which . . . a state agency is made a party defendant. . . ." Applying that statute to this case, we conclude that the writ of certiorari should have been sought before the Circuit Court of Kanawha County. *See Thomas v. Board of Education*, ____ W. Va. ____, 280 S.E.2d 816 (1981); *Shobe v. Latimer*, 162 W. Va. 779, 253 S.E.2d 54 (1979).

Accordingly, for the reasons set forth above we prohibit further proceedings in this action in the Circuit Court of Mason County and order the case dismissed.

*Writ awarded.*