293 S.E.2d 442

**Carolyn LEEF**

v.

**Bobby E. VIA, Supt., Monroe County Schools, et al.**

**No. 15491.**

Supreme Court of Appeals of West Virginia.

June 24, 1982.

Philip T. Lilly, Jr., Bluefield, for appellant.

DiTrapano, Jackson & Buffa and Rebecca A. Baitty, Charleston, for appellees.

NEELY, Justice:

The appellant, Carolyn Leef, essentially appeals a 1981 decision of the State Superintendent of Schools denying her back pay for the 1978–79 school year. Finding that the appellant waited too long before seeking judicial review, we decline to grant her relief.

Completing her second year as a teacher in Monroe County, Ms. Leef received a letter on 4 May 1978 from appellee Bobby E. Via, Superintendent of Monroe County Schools, informing her that she would not be hired for the next school year. The superintendent stated the following reasons for his decision not to re-hire the appellant: (1) lack of respect for authority; (2) lack of cooperation with fellow workers; and (3) conditions of health that adversely affected performance. At a hearing on 12 June 1978, the Monroe County Board of Education, by majority vote, but not unanimously, voted to accept the superintendent's decision not to re-hire the appellant.

On 1 August 1978 Ms. Leef filed a petition for appeal with the State Superintend-

ent of Schools. Her petition asked that the Monroe County Board of Education be ordered "to issue a contract of employment" to her. On 7 June 1979 the state superintendent issued a written decision holding that there had been insufficient proof both of Ms. Leef's lack of respect for authority and of her lack of cooperation with fellow workers. With respect to the remaining reason for non-renewal of the contract, that Ms. Leef's health adversely affected her job performance, the superintendent determined that, though it was proven, the charge should have resulted only in a suspension rather than a dismissal. The superintendent concluded that Ms. Leef was entitled to be reemployed for the 1979–80 school year, if she could present medical evidence that she was fit to teach. Neither party sought judicial review of the superintendent's decision. On 26 July 1979 Monroe County Superintendent Via wrote to Ms. Leef asking whether she wished to be employed for the 1979–80 school year. Ms. Leef requested such employment and was subsequently employed for the 1979–80 school year. She has remained an employee of the Monroe County Board of Education ever since.

In a letter to Superintendent Via on 26 June 1981, the appellant made a formal demand for back pay for the 1978–79 school year. The superintendent forwarded this letter to the State Superintendent of Schools and requested a clarification of the State Superintendent's 1979 decision. On 12 August 1981 the State Superintendent responded by indicating that the 1979 decision had not either expressly or by implication awarded back pay.

On 16 September 1981 the appellant filed a petition with this Court seeking a writ of mandamus to order the appellees to pay her back pay for the 1978–79 school year. We treated the petition as a petition for a writ of certiorari.

In *State ex rel. Gibson v. Pizzino*, 164 W.Va. 749, 266 S.E.2d 122, 125 (1979), we determined that "in the absence of some showing of good cause, an application for a writ of certiorari must be filed within four months from the date of the final administrative order of the State Superintendent of Schools." Since the appellant has made no showing of good cause, we find that her right to relief has been foreclosed by her own inaction. To hold otherwise in this case would be particularly unjust. The appellant accepted the benefit of the State Superintendent's 1979 order directing that she be offered reemployment. The Monroe County Board of Education, which promptly offered her employment following the superintendent's decision, is now prohibited from seeking a writ of certiorari to challenge that decision. By the same token, Ms. Leef is now prohibited from essentially appealing only that part of the decision that was unfavorable to her, since the school board cannot put the part of the decision unfavorable to it at issue.

The procedures for reviewing school personnel matters involve a combination of administrative regulations, statutory law, and decisional law. During the course of the past five years certain machinery for review of personnel matters has evolved piecemeal through the decisions of this Court, but we have not yet attempted to map that procedure definitively and comprehensively. Consequently, today we shall attempt to establish the exact procedure by which personnel matters may be reviewed, both administratively and in the courts, in an effort to clear up any lingering ambiguity with regard to venue, time periods for seeking judicial relief, and the correct procedure for seeking judicial relief. While the procedure for reviewing a dismissal for cause is different from the procedure for reviewing the failure to renew a probationary contract, we take this opportunity to set out the proper procedure that either tenured or non-tenured school personnel should follow in seeking review.

Henceforth, a teacher seeking review of a decision by the State Superintendent of Schools may not come before this Court on original jurisdiction. When a county school board dismisses or suspends a tenured teacher by unanimous vote, the teacher may seek immediate review in the circuit court of the county. *Beverlin v. Board of Education of Lewis County*, 158

W.Va. 1067, 216 S.E.2d 554 (1975). *W.Va. Code,* 18A–2–8 [1969] provides that when a county school board dismisses or suspends a tenured employee by less than a unanimous vote, that employee has the right to appeal to the State Superintendent of Schools. However, in *State ex rel. Board of Education v. Martin,* 112 W.Va. 174, 163 S.E. 850 (1932) we held that the employee also has the right to seek immediate judicial review in the circuit court even when the board is not unanimous in its adverse action. In other words, while a teacher may appeal to the State Superintendent only when there is less than a unanimous vote, a teacher may seek judicial review within four months by certiorari in a circuit court whenever there is an adverse decision. This type of dismissal relates only to dismissals for cause under *Code,* 18A–2–8 [1969].

If the teacher does choose to appeal a less than unanimous decision to the State Superintendent of Schools, the county board does have a right to notice and a hearing before the State Superintendent. *Smith v. Siders,* 155 W.Va. 193, 183 S.E.2d 433 (1971). After the State Superintendent has ruled, either side may seek a writ of certiorari in the circuit court. *See Mason County Board of Education v. State Superintendent of Schools,* 160 W.Va. 348, 234 S.E.2d 321 (1977).

■■■ A non-tenured school employee whose contract is not renewed, like Ms. Leef, is entitled to a statement of reasons and a hearing before the board under *Code,* 18A–2–8a [1977] and may then appeal an adverse decision to the State Superintendent under Regulation 5301, *Policies, Rules and Regulations, West Virginia Board of Education.* Judicial review of that decision may be had by either party by way of a writ of certiorari within four months in the circuit court.

Under *W.Va.Code,* 53–3–1 [1923] the appropriate circuit court in which to seek certiorari is "the circuit court of the county in which the record or proceeding is...." Therefore, proper venue for judicial review of a county school board decision is in the circuit court of the county in which the teacher was employed. Since the State Superintendent of Schools usually reviews the proceedings before the county board without taking additional testimony, although he is authorized to do so, we conclude that the proper venue for judicial review of a State Superintendent's decision is also the circuit court of the county in which the teacher was employed.[1]

Accordingly for the reasons stated above the 12 August 1981 decision of the State Superintendent of Schools is affirmed.

Affirmed.

---

**1.** We realize that in *Mason County Board of Education v. State Superintendent of Schools,* 160 W.Va. 348, 234 S.E.2d 321 (1977), judicial review of the State Superintendent's decision occurred in the circuit court of Kanawha County rather than in the circuit court of the county where the discharge occurred. Without overruling *Mason County* in any manner, we would note only that the issue of venue was not addressed in that case except implicitly. Today we address the matter squarely and hold that venue for judicial review of a State Superintendent's decision is in the circuit court of the county in which the teacher was employed since that is where substantially all of the record will have been made.