300 S.E.2d 108

**STATE ex rel. The BOARD OF EDUCATION OF the COUNTY OF WYOMING**

v.

**The STATE SUPERINTENDENT OF SCHOOLS, INC.**

**No. 15643A.**

Supreme Court of Appeals of West Virginia.

Jan. 28, 1983.

D. Grove Moler, Mullens, for appellee.

Marianne Hoover, Asst. Atty. Gen., Charleston, for appellants.

John Everett Roush, Legal Services, School Service Personnel Ass'n, Charleston, for employee Juanita Gibson.

PER CURIAM:

This is an appeal from a ruling by the Circuit Court of Kanawha County that the State Superintendent of Schools has no authority or jurisdiction to review a decision by a county board of education in a grievance matter. We reverse and remand.

Juanita Gibson was employed under a continuing contract as a school bus driver by the Wyoming County Board of Education. After the county board of education made changes involving her position resulting in a decrease in salary, Gibson filed a grievance. After a hearing, the board denied the grievance. Gibson then appealed to the State Superintendent of Schools, who, upon rehearing, concluded that Gibson's statutory rights had been violated and ordered that she be returned to her former position and paid a supplemental salary. The board of education then petitioned the circuit Court of Kanawha County for a writ of certiorari. The circuit court granted the writ and voided the State Superintendent's ruling on the ground that he lacked authority to review grievance decisions by county boards of education on an appeal by an employee. Gibson and the State Superintendent appealed here, and we granted review.

After the circuit court rendered its decision finding against the State Superintendent, we reached an opposite conclusion in *Jones v. The Board of Education, County of Lincoln,* 170 W.Va. 310, 294 S.E.2d 113 (1982). We held in the syllabus:

"The State Superintendent of Schools may review a decision by a county board of education on appeal by an employee. Certiorari will lie to a circuit court from the State Superintendent's decision."

Our decision in *Jones* is controlling. Recognizing this fact, the parties have filed a joint motion urging us to reverse and set aside the judgment appealed from and remand the case for further proceedings. In view of *Jones,* we grant the joint motion, reverse and set aside the order appealed from, and remand the case to the Circuit Court of Kanawha County for further proceedings in certiorari.

Reversed and remanded.