300 S.E.2d 109

**STATE ex rel. The BOARD OF EDUCATION OF the COUNTY OF WOOD**

v.

**Roy TRUBY, State Superintendent of Schools.**

No. 15642A.

Supreme Court of Appeals of West Virginia.

Jan. 28, 1983.

Howard E. Seufer, Jr., Earley, Bailey & Pfalzgraf, Parkersburg, for appellee.

Mary Ann Hoover, Asst. Atty. Gen., Charleston, for appellant.

John Everett Roush, Legal Services, W.Va. School Service Personnel Ass'n, Charleston, for employee Iona Hall.

PER CURIAM:

This is an appeal by Roy Truby, State Superintendent of Schools, from an order of the Circuit Court of Kanawha County granting a writ of prohibition permanently prohibiting him from hearing an appeal by a school employee from an adverse grievance decision by the Wood County Board of Education.

The employee is a custodian under a continuing contract with the county board of education. Her contract provides that she will be employed at Parkersburg High School. She suffered a back injury while at work and could not return to her former employment for several months. The county board of education after several months placed her on an indefinite leave of absence. When her doctor released her to return to employment, she reported to work but was advised that she had been replaced and that her only options were to apply for the next custodial opening at the high school or take an available opening at an elementary school.

Finding these circumstances unacceptable, she filed a grievance alleging that the county board of education violated state school law and her continuing contract of employment. She sought reinstatement with backpay. When the replacement custodian resigned, she was rehired at the high school. Thereafter she pursued her grievance claiming only entitlement to backpay and full personal leave credit.

After a hearing the county board of education by a unanimous vote denied her grievance, and she appealed to the State Superintendent of Schools. The Superintendent notified the county board of education of the appeal and directed it to file an answer. Instead, the county board moved to dismiss the appeal on the ground that the Superintendent lacked jurisdiction to consider and determine the appeal. The Superintendent denied the motion. The county board then sought and obtained the writ of prohibition that is the subject of this appeal.

After the circuit court made its decision to issue the writ of prohibition, we rendered our pronouncement in *Jones v. The Board of Education, County of Lincoln*, 170 W.Va. 310, 294 S.E.2d 113 (1982) and established that, "The State Superintendent of Schools may review a decision by a county board of education on appeal by an employee. Certiorari will lie to a circuit court from the State Superintendent's decision."

Relying on *Jones* the parties have filed a joint motion, urging us to reverse the order of the circuit court and remand the case to the State Superintendent of Schools for further proceedings. We agree that *Jones* is controlling, and we therefore grant the joint motion, reverse and set aside the order of the circuit court, and remand the

case to the State Superintendent of Schools for further proceedings.

Reversed and remanded.