301 S.E.2d 862

### STATE ex rel. The BOARD OF EDUCATION OF KANAWHA COUNTY

v.

### Roy TRUBY, State Superintendent of Schools and Blakely Boggs.

No. 15592.

Supreme Court of Appeals of West Virginia.

March 31, 1983.

John O. Kizer and Hunter C. Quick, Love, Wise, Robinson & Woodrow, Charleston, for appellee.

Marianne Hoover, Asst. Atty. Gen., Jacqueline A. Kinnaman, W.V.E.A., Charleston, for appellants.

PER CURIAM:

Blakely Boggs appeals from an order of the Circuit Court of Kanawha County granting the writ of prohibition sought by the Kanawha County Board of Education prohibiting State Superintendent of Schools Roy Truby from hearing Boggs' appeal of a grievance against the board. The circuit court ruled that the superintendent was without authority to hear the appeal. Boggs contends that *Jones v. Board of Education, County of Lincoln,* 170 W.Va. 310, 294 S.E.2d 113 (1982) clearly establishes his right to appeal to the superintendent. We agree, and the order of the circuit court granting the writ of prohibition is reversed.

At all times relevant to this case, Boggs was employed by the Kanawha County Board of Education as the principal of Alum Creek Elementary school. In August of 1977 he completed college coursework sufficient to qualify him for certification at the master's degree plus thirty hours level established by *W. Va. Code,* 18A–4–1 [1977]. *W. Va. Code,* 18A–4–2

[1977] established a new state minimum salary schedule and provided that "[o]n and after the first day of July, one thousand nine hundred and seventy-seven, each teacher shall receive the amount prescribed." *

Boggs contends that the Kanawha County board interpreted 18A–4–2 to apply only to those administrators whose applications for advanced certification were on file with the board as of July 1, 1977, whereas non-administrative teaching personnel were accorded the certification raises regardless of whether their applications were filed July 1. Boggs sought the difference between his salary for the 1977–78 school year and the salary he would have received had he been credited with the master's degree plus thirty hours certification.

We need express no opinion on the merits of Boggs' claims. The matter was treated as a grievance under Kanawha County Board of Education Policy IV–C–1, and was appealed by Boggs to the state superintendent under State Board of Education Rule 1340.

The Kanawha County school board filed a motion to dismiss with the superintendent alleging that he lacked authority to hear appeals from grievance matters. The superintendent denied this motion. The board then sought a writ of prohibition in the Circuit Court of Kanawha County to prevent the superintendent from hearing Boggs' appeal. The writ was granted, and this appeal followed.

The board's position, succinctly stated in the motion to dismiss filed with the superintendent, is that the superintendent has no "authority to review upon appeal the actions or decisions of a county board of education other than a decision which is not unanimous to dismiss or suspend an employee for the reasons set forth in *W. Va. Code* § 18A–2–8." Boggs argues, however, that *Jones v. Board of Education, County of Lincoln, supra,* established that grievance matters may be appealed to the

---

* *W. Va. Code,* 18A–4–1 [1977] was amended in 1980 to include nurses in the statute's classification scheme. The amendment has no bearing on this appeal. *W. Va. Code,* 18A–4–1 [1980].

Similarly, *W. Va. Code,* 18A–4–2 was amended in 1981 to increase the minimum state salary schedule, but this change does not affect this case. *W. Va. Code,* 18A–4–2 [1981].

superintendent pursuant to State Board of Education Rule 1340.

In *Jones* we allowed an appeal to the state superintendent. Jones had been demoted from her position as principal and transferred as a teacher by the Lincoln County Board of Education. She appealed the board's decision to the state superintendent. The superintendent ruled that Jones' demotion was improper, but that her transfer was permissible. Jones petitioned for certiorari in the Circuit Court of Kanawha County, which certified the following question to this Court: "Whether the State Superintendent of Schools of West Virginia has authority or jurisdiction to hear and decide the appeals of school employees from the decisions of county boards of education made pursuant to West Virginia Code, 1931, § 18A–2–2 and § 18A–2–8, as amended, *and State Board of Education policies.*" (Emphasis added.)

In answering the certified question, we specifically addressed the appeal rights provided under State Board of Education Rules 1340 and 5301. We held that Rule 1340 "gave the Superintendent authority and provided for hearings, subpoenas, taking evidence, briefs, oral arguments, and written decisions." 170 W.Va. at 312, 294 S.E.2d, at 115. Regarding Rule 5301, we noted:

> In 1972, the state board adopted Rule 5301, establishing a four-level grievance procedure for resolution of claims by employees about violations, misapplications, or misinterpretations of school statutes, rules, regulations or employment agreements. *An employee may appeal to the state superintendent* or to our courts, after lodging a complaint with his supervisor and then appealing to his county superintendent and board of education. 170 W.Va. at 312–313, 294 S.E.2d, at 115, 116 (footnotes omitted) (emphasis added).

We cited several cases as implicitly recognizing the right to appeal to the superintendent. Among these was *State ex rel. Gibson v. Pizzino*, W.Va., 266 S.E.2d 122 (1979), which recognized, *sub silentio*, the propriety of an appeal of a grievance matter to the superintendent pursuant to Rule 1340. This Court concluded, in *Jones'* single syllabus point, that "[t]he State Superintendent of Schools may review a decision by a county board of education on appeal by an employee. Certiorari will lie to a circuit court from the State Superintendent's decision."

We conclude that Boggs' appeal to the superintendent was proper. The circuit court erred in issuing the writ of prohibition preventing the superintendent from proceeding with the appeal, and its order entering the same is reversed.

Reversed.