310 S.E.2d 474

**Louise H. BOWERS**

v.

**Garnett BOWYER, et al.**

No. 15720.

Supreme Court of Appeals of West Virginia.

Dec. 14, 1983.

Jacqueline A. Kinnaman, Charleston, for appellant.

Andrew N. Frye, Jr., Petersburg, for appellees.

PER CURIAM:

This is an appeal from a judgment of the Circuit Court of Kanawha County dismissing a petition for a writ of certiorari as untimely. We reverse that judgment and remand for further proceedings.

Appellant, Louise H. Bowers, is employed at the South Branch Vocational Center in Grant County, West Virginia, as the coordinator of the Human Resource and Learning Resource Centers. The vocational center is governed by an Administrative Council, with the Grant County Board of Education serving as the fiscal agent. At the end of the 1979–80 school year, the administrative council approved the creation of a new position of assistance director, and Bowers applied for the position.

When a male classroom teacher with less seniority was hired for the new position, Bowers filed a grievance alleging a violation of State Board of Education Policy No. 5300 and the Civil Rights laws. The grievance was denied by the executive director of the vocational center, and Bower appealed to the administrative council. A grievance hearing was held on June 26, 1980, but the council did not issue a decision on the grievance and instead voted to present the grievance to the State Superintendent of Schools. Bowers also filed a complaint with the West Virginia Human Rights Commission.

On October 27, 1980, the state superintendent dismissed her "appeal", reasoning that discrimination claims normally should be resolved by the West Virginia Human Rights Commission, "absent a very clear—virtually incontrovertible—showing of sexual discrimination." The superintendent found that her claim was based on work experience and seniority and that she had not presented any evidence of sexually discriminatory behavior directed against her by her employment superiors. The state superintendent also stated that his office would not interfere with a discretionary act on the part of an administrative council of a multi-county area vocational-technical center and its executive director, unless such act was clearly beyond their authority.

Within four months of the state superintendent's adverse decision, Bowers filed a petition for a writ of certiorari in the Circuit Court of Kanawha County. Following a hearing on the petition, the trial court granted a motion to dismiss the petition as untimely and entered judgment dismissing the case from the docket. Bowers moved to set aside the judgment and reopen the case for consideration on the merits. By letter opinion of July 6, 1981, the trial court denied the motion, ruling that the petition was untimely because not filed within four months after the administrative council's decision. This ruling was premised on the conclusion that the state superintendent of schools does not have jurisdiction to consider appeals by school employees. It is this ruling that is now before the Court for appellate review.

The decision below was rendered prior to our decision in *Jones v. Board of Education, County of Lincoln,* 170 W.Va. 310, 294 S.E.2d 113 (1982). If it was not entirely clear before then, *Jones* settled the question of whether the state superintendent of schools has jurisdiction to consider appeals by school employees. The state superintendent has broad discretionary authority to review county-level decisions concerning employee grievances. The syllabus of *Jones* states:

"The State Superintendent of Schools may review a decision by a county board of education on appeal by an employee. Certiorari will lie to a circuit court from the State Superintendent's decision."

*See also, e.g., State ex rel. Board of Education of Wyoming County v. State Superintendent of Schools,* 171 W.Va. 466, 300 S.E.2d 108 (1983); *State ex rel. Board of Education of Wood County v. Truby,* 171 W.Va. 467, 300 S.E.2d 109 (1983).

 In *State ex rel. Gibson v. Pizzino,* 164 W.Va. 749, 266 S.E.2d 122 (1979), we reviewed West Virginia law and noted that both local boards of education and teachers have a right to challenge decisions of the state superintendent by writ of certiorari in circuit court. We also decided that a writ of certiorari must ordinarily be filed within four months from the date of the final decision of the state superintendent of schools. Syllabus Point 3 states:

> "Ordinarily, in the absence of some showing of good cause, an application for a writ of certiorari must be filed within four months from the date of the final administrative order of the State Superintendent of Schools."

 In light of our decisions in *Jones* and *State ex rel. Gibson v. Pizzino,* we conclude that the trial court was in error in dismissing Bowers' petition for a writ of certiorari as untimely. The state superintendent of schools does have the jurisdiction to consider appeals by school employees from adverse personnel decisions. There is no dispute that Bowers filed her petition for certiorari within four months of the state superintendent's decision. Her petition thus was not untimely and should not have been dismissed for that reason. The fact that the state superintendent dismissed her "appeal" rather than rule against her on the merits does not change that result. She should not be penalized and left without an opportunity to seek a writ of certiorari because the state superintendent has decided that discrimination claims, except in the clearest of cases, will not be decided on appeal.

The appellee advances a number of arguments in support of an affirmance, which were neither advanced nor ruled on by the circuit court in dismissing the petition for a writ of certiorari. Those issues having not been ruled on by the circuit court are con-sequently not before us for appellate review, and we do not address them.

For the foregoing reasons, the judgment of the Circuit Court of Kanawha County appealed from is vacated and the case is remanded for further proceedings.

Reversed and remanded.