325 S.E.2d 355

**The BOARD OF EDUCATION, LINCOLN COUNTY, Fred Curry, President, et al.**

v.

**The Honorable A. Andrew MacQUEEN, Judge, Circuit Court, Kanawha County.**

No. 16502.

Supreme Court of Appeals of West Virginia.

Dec. 13, 1984.

Dissenting Opinion Jan. 8, 1985.

Concurring Opinion Jan. 11, 1985.

Lloyd G. Jackson, II, Hamlin, for petitioners.

Janet C. Williamson, Beckley, for respondent Betty Jones.

Judge MacQueen was not a party of interest and never participated in the case.

McGRAW, Justice:

The petitioners, members of the Lincoln County Board of Education and the Superintendent of Lincoln County Schools, seek a writ of prohibition to prevent the respondent, A. Andrew MacQueen, Chief Judge of the Circuit Court of Kanawha County, from proceeding in an action involving the 1981 demotion and transfer of Betty Jones [1] from principal of Hamlin Elementary School to classroom teacher at McCorkle Grade School. Both Jones and the Lincoln County Board of Education initially petitioned for review of the State Superintendent's decision in the Jones case, which disapproved her demotion but permitted her lateral [2] transfer as principal, by writ of certiorari in the Circuit Court of Kanawha County. Subsequently, however, the Lincoln County Board of Education moved to dismiss the certiorari proceeding in Kanawha County, contending that review of the Jones decision by the State Superintendent

---

1. Additional facts regarding this action are set out in the connected case, *Jones v. Board of Education,* 170 W.Va. 310, 294 S.E.2d 113 (1982).

2. We note that many so-called "lateral" transfers, even though maintaining the transferee in the same job classification, are, in reality, thinly disguised demotions to remote or otherwise undesirable locations.

was appropriate in the Circuit Court of Lincoln County. On April 16, 1984, Judge A. Andrew MacQueen denied this motion to dismiss. The petitioners now seek review of that denial by way of prohibition, presenting the issue of whether certiorari review of the Jones decision by the State Superintendent lies in the Circuit Court of Kanawha County or in the Circuit Court of Lincoln County.

## I

█ There are two avenues of initial review available to employees adversely affected by county board of education personnel actions: administrative review and judicial review. First, in the single Syllabus of *Jones v. Board of Education*, 170 W.Va. 310, 294 S.E.2d 113 (1982), this Court held that, "The State Superintendent of Schools may review a decision by a county board of education on appeal by an employee...." *See also* Syl. pt. 1, *Bowers v. Bowyer*, 172 W.Va. 713, 310 S.E.2d 474 (1983); Syl., *State ex rel. Board of Education v. Truby*, 171 W.Va. 772, 301 S.E.2d 862 (1983); Syl., *State ex rel. Board of Education v. Truby*, 171 W.Va. 467, 300 S.E.2d 109 (1983); Syl., *State ex rel. Board of Education v. State Superintendent of Schools*, 171 W.Va. 466, 300 S.E.2d 108 (1983); *Smith v. Siders*, 155 W.Va. 193, 183 S.E.2d 433 (1971). In addition to the right to seek administrative review of school board suspension or dismissal actions under West Virginia Code § 18A–2–8 (1984 Replacement Vol.), this Court recognized in *Jones*, 294 S.E.2d at 114–15, that West Virginia Constitution art. XII, § 2 and West Virginia Code §§ 18–3–3, –4, –6 & –10 (1984 Replacement Vol.) grant authority to the State Superintendent to review other types of county school board personnel actions.[3] Second, in addition to administrative review by the State Superintendent, school personnel may also seek review of school board actions by writ of certiorari in circuit court under West Virginia Code § 53–3–2 (1981 Replacement Vol.), which provides, in pertinent part, that certiorari lies "in every case, matter or pro-

ceeding before a[n] ... inferior tribunal ... after a judgment or final order therein...." This Court has held that boards of education are inferior tribunals subject to certiorari under this statute. *See Beverlin v. Board of Education*, 158 W.Va. 1067, 1071, 216 S.E.2d 554, 556 (1975); *State ex rel. Board of Education v. Martin*, 112 W.Va. 174, 178–79, 163 S.E. 850, 852 (1932). Additionally, we note that, under the expanded role accorded certiorari by West Virginia Code § 53–3–3 (1981 Replacement Vol.), the circuit court, in effect, takes the matter *de novo*. *See Snodgrass v. Board of Education*, 114 W.Va. 305, 171 S.E. 742 (1933). In Syllabus Point 4 of *North v. Board of Regents*, 160 W.Va. 248, 233 S.E.2d 411 (1977), we summarized the scope of a writ of certiorari as follows:

A writ of certiorari will lie from an inferior tribunal, acting in a judicial or quasi-judicial capacity, where substantial rights are alleged to have been violated and where there is no other statutory right of review given. Upon the hearing of such writ of certiorari, the circuit court is authorized to take evidence, independent of that contained in the record of the lower tribunal, to determine if such violations have occurred.

█ Therefore, whether exposed to possible transfer, demotion, suspension, dismissal or nonrenewal of probationary contract, a school employee who is dissatisfied with the local board's final decision, may either seek administrative review by the State Superintendent, and if necessary, proceed upon writ of certiorari in circuit court, or may generally proceed directly from the county board decision into circuit court by certiorari, *see* Syl. pt. 2, *State ex rel. Board of Education v. Martin, supra; see also North v. Board of Regents*, 160 W.Va. at 260 n. 10, 233 S.E.2d at 418 n. 10. If an employee does appeal to the State Superintendent, the county board of education has the right to seek review by certiorari of any decision adverse to its position. Syl., *Mason County Board of*

---

**3.** Pursuant to these supervisory powers, the State Board of Education has promulgated rules governing State Superintendent review of various personnel actions of county boards of education. *See* State Board of Education Rules 1340 and 5301.

*Education v. State Superintendent of Schools*, 160 W.Va. 348, 234 S.E.2d 321 (1977). In the context of the instant proceeding, these procedures for review of county board of education personnel decisions present the question of which circuit court is the proper place for certiorari review.

## II

To support its assertion that venue is proper in Lincoln County, the petitioners rely on Syllabus Point 2 of *Leef v. Via*, 170 W.Va. 245, 293 S.E.2d 442 (1982), which provides, in pertinent part, that "following a decision by the State Superintendent, either the teacher or the county board may seek judicial review in the circuit court of the county in which the teacher was employed." The sole issue presented in *Leef*, however, was not one of venue, but concerned the timely application for a writ of certiorari following a final administrative order by the State Superintendent. Leef waited over two years to petition this Court for a writ of certiorari following the State Superintendent's decision which ordered her reemployment, but failed to award backpay. In Syllabus Point 3 of *State ex rel. Gibson v. Pizzino*, 164 W.Va. 749, 266 S.E.2d 122 (1980), this Court had held that: "Ordinarily, in the absence of some showing of good cause, an application for a writ of certiorari must be filed within four months from the date of the final administrative order of the State Superintendent of Schools." Therefore, we held in *Leef*, 170 W.Va. at 247, 293 S.E.2d at 444, that: "Since the appellant has made no showing

of good cause, we find that her right to relief has been foreclosed by her own inaction."

Although affirmance of the State Superintendent's decision in *Leef* due to the appellant's failure to apply for a writ of certiorari in a timely fashion disposed of the sole issue presented,[4] the Court went on to note that:

During the course of the past five years certain machinery for review of personnel matters has evolved piecemeal through the decisions of this Court, but we have not yet attempted to map that procedure definitively and comprehensively. Consequently, today we shall attempt to establish the exact procedure by which personnel matters may be reviewed, both administratively and in the courts, in an effort to clear up any lingering ambiguity with regard to venue, time periods for seeking judicial relief, and the correct procedure for seeking judicial relief.

170 W.Va. at 247, 293 S.E.2d at 444. Unfortunately, upon careful scrutiny, our "attempt" to define the procedure for the judicial review of decisions by the State Superintendent, at least as regards the issue of venue, fell short of the mark, and directly conflicts with both the applicable statutes and our prior interpretations of those statutes.

The only justification given in *Leef* for the determination that venue is proper in the county in which the teacher was employed was that "that is where substantially all of the record will have been made." 170 W.Va. at 248, 293 S.E.2d at

**4.** Curiously, although exhibiting no hesitation in addressing issues clearly not presented on the record in *Leef*, the author of that opinion has frequently criticized what he has perceived as judicial adventurism in cases arriving at results with which he disagreed. *See, e.g., State ex rel. Hamstead v. Dostert*, 173 W.Va. 133, 313 S.E.2d 409, 419 (1984) (Neely, J., concurring in part and dissenting in part) ("Again, *vox clamatis in deserto*. The number of cases in which I have felt required to point out that this court has attempted to answer questions no one is asking grows at an alarming rate.... I am troubled by the author of the majority opinion's efforts to make law that will cover situations not at all like the case before us...."); *Pittsburgh Elevator Co. v. Board of Regents*, 172 W.Va. 743, 310

S.E.2d 675, 690 (1983) (Neely, J., concurring in part and dissenting in part) ("I must disassociate myself from an opinion that pretends to answer questions that this Court has not been asked. Ordinarily a dissent to dicta is like the sound of one hand clapping; however, when an opinion attempts to stretch dicta into a definitive statement of law, such a frolic and detour is dangerous and requires response."); *Teller v. McCoy*, 162 W.Va. 367, 396–97, 253 S.E.2d 114, 131 (1978) (Neely, J., concurring in part and dissenting in part) ("It is a basic principle of American jurisprudence that a court cannot gratuitously pronounce what they envisage the law should be but must limit themselves to rulings in the context of a justiciable case or controversy.").

**342**

445 n. 1. The statutory criterion for a writ of certiorari, however, is not *"where* substantially all of *the record will have been made,"* but rather, under West Virginia Code § 53–3–1 (1981 Replacement Vol.), "Jurisdiction of writs of certiorari ... shall be in the circuit court of the county *in which the record or proceeding is....*" (Emphasis added). Upon appeal to the State Superintendent, the "record" goes to Kanawha County,[5] where the decision on appeal is presumably made. The "proceeding" to which the writ of certiorari relates is the State Board of Education Rule 1340 proceeding which culminates in the State Superintendent's decision. Once an appeal is taken, except upon remand by proper authority, one cannot go backward. It is as Thomas Wolfe wrote, *You Can't Go Home Again.*

■ In direct support of this construction of West Virginia Code § 53–3–1 (1981 Replacement Vol.) is Syllabus Point 2 of *State ex rel. Ginsberg v. Watt,* 168 W.Va. 503, 285 S.E.2d 367 (1981), written by the author of *Leef* only six months earlier, in which this Court held that: "A writ of certiorari in the Circuit Court of Kanawha County is the proper means for obtaining judicial review of a decision made by a state agency not covered by the Administrative Procedures Act." Under the West Virginia Administrative Procedures Act, West Virginia Code § 29A–1–3 (Supp.1984), "the provisions of this chapter do not apply in any respect whatever to ... the West Virginia board of education...." *See also Mason County Board of Education v. State Superintendent of Schools,* 160 W.Va. at 349, 234 S.E.2d at 322 ("The State Superintendent of Schools ... is not subject to the Administrative Procedure Act"). Therefore, under West Virginia Code § 53–3–1 (1981 Replacement Vol.), a writ of certiorari in the Circuit Court of Kanawha County is the proper means for obtaining

judicial review of a decision made by the State Superintendent of Schools.

■ Even if the language of West Virginia Code § 53–3–1 (1981 Replacement Vol.) were not so clear, West Virginia Code § 14–2–2(a)(1) (1979 Replacement Vol.) would nevertheless place venue of appeals from a decision of the State Superintendent in Kanawha County. This latter statute provides that "[a]ny suit in which ... any ... state officer, or state agency is made a party defendant ... shall be brought and prosecuted only in the circuit court of Kanawha County." In *Davis v. West Virginia Bridge Commission,* 113 W.Va. 110, 113, 166 S.E. 819, 821 (1932), this Court observed that: "The manifest purpose of the statute is to prevent the great inconvenience and possible public detriment that would attend if functionaries of the state government should be required to defend official conduct and state's property interests in sections of the commonwealth remote from the capital." *See also Pittsburgh Elevator Co. v. Board of Regents,* 172 W.Va. 743, 310 S.E.2d 675, 689 (1983); *Hesse v. State Soil Conservation Committee,* 153 W.Va. 111, 120, 168 S.E.2d 293, 296 (1969); *Spurdone v. Shaw,* 114 W.Va. 191, 193, 171 S.E. 411, 412 (1933). This Court has consistently affirmed the validity of West Virginia Code § 14–2–2 (1979 Replacement Vol.). In Syllabus Point 2 of *State ex rel. Ritchie v. Triplett,* 160 W.Va. 599, 236 S.E.2d 474 (1977), this Court stated: "Where the Legislature provides, through a constitutionally valid statute, in clear language, that actions at law against state officers shall be commenced and prosecuted in Kanawha County, venue for such actions will there lie and will be so required by this Court." *See also* Syl. pt. 5, *Shobe v. Latimer,* 162 W.Va. 779, 253 S.E.2d 54 (1979). In Syllabus Point 2 of *Thomas v. Board of Education,* 167 W.Va. 911, 280 S.E.2d 816 (1981), in which the State Board

---

**5.** Rule 1340, promulgated by the State Board of Education, which governs appeals involving school personnel before the State Superintendent of Schools, provides for the transmittal of any evidence deemed necessary for a decision on the merits to the State Superintendent of Schools in Kanawha County. In a Rule 1340

appeal, "[a]ll evidence, including any records, investigations, reports and documents in the possession of the Superintendent of which he desires to avail himself as evidence in making a decision, shall be ... made a part of the record in the proceeding...." Rule 1340, § 14.

of Education was named as a third party defendant, this Court stated: "Actions wherein a state agency or official is named, whether as principal party or third-party defendant, may be brought only in the Circuit Court of Kanawha County."

The direct conflict between the "county in which the teacher was employed" language in Syllabus Points 2 and 3 of *Leef* and both West Virginia Code § 53–3–1 (1981 Replacement Vol.) and West Virginia Code § 14–2–2 (1979 Replacement Vol.) is irreconcilable. Therefore, we hold that Syllabus Point 2 of *State ex rel. Ginsberg, supra,* controls applications for writs of certiorari for obtaining judicial review of a decision by the State Superintendent of Schools, and that insofar as Syllabus Points 2 and 3 of *Leef v. Via,* 170 W.Va. 245, 293 S.E.2d 442 (1982) are inconsistent or in conflict with Syllabus Point 2 of *State ex rel. Ginsberg v. Watt,* 168 W.Va. 503, 285 S.E.2d 367 (1981), such syllabus points are overruled. Accordingly, we dismiss the petitioner's application for writ of prohibition.

Writ denied.

NEELY, Chief Justice, dissenting:

I dissent from the judgment of the majority because I believe that the procedures set forth in *Leef v. Via,* 170 W.Va. 245, 293 S.E.2d 442 (1982) provides a more rational use of judicial resources. I would also point out that the Superintendent of Schools, although named, is not a real party in interest in this case.

MILLER, Justice, concurring:

While I concur in the result reached, I am of the view that a major part of the problem lies in the legislature's unwillingness to provide a comprehensive administrative hearing procedure for school personnel who claim to be aggrieved by discharges, demotions, transfers, or other disciplinary measures imposed by local boards of education.

The primary statute is W.Va.Code, 18A–2–8, which deals with dismissals or suspensions of school personnel for cause and provides for a hearing before the local board of education. The statute then states "when the board is not unanimous in its decision ... the person so suspended or dismissed shall have the right of appeal to the state superintendent of schools." We held in *State ex rel. Board of Education v. Martin,* 112 W.Va. 174, 163 S.E. 850 (1932), that such appeal was not the exclusive remedy and that an employee was not foreclosed from proceeding directly into the circuit court on a writ of certiorari.

A different type of remedy was permitted in both *Neal v. Board of Education,* 116 W.Va. 435, 181 S.E. 541 (1935), and *White v. Board of Education,* 117 W.Va. 114, 184 S.E. 264 (1936), where we granted original petitions in mandamus to teachers who claimed they had been arbitrarily transferred. Upon finding their allegations to be true, we awarded relief.

In *Smith v. Siders,* 155 W.Va. 193, 183 S.E.2d 433 (1971), we held that where a school employee decides to appeal to the State Superintendent under the provisions of W.Va.Code, 18A–2–8, the county board of education must be made a party to the proceedings before the State Superintendent. Then, in *Mason County Board of Education v. State Superintendent of Schools,* 160 W.Va. 348, 234 S.E.2d 321 (1977), we concluded that if the county board of education is aggrieved by a decision of the State Superintendent, it could obtain judicial review by a writ of certiorari. In *Mason County,* we stated "in enacting the Administrative Procedure Act, *W.Va.Code,* 29A–1–1, *et seq.,* the Legislature expressly exempted the State Board of Education from its purview ... [and] [t]he State Superintendent of Schools ... is not subject to the ... Act, nor is a county board of education, not being a State agency. *W.Va.Code,* 29A–1–1(a)." 160 W.Va. at 349, 234 S.E.2d at 322.

We also noted in *Mason County* that "the Legislature has not prescribed a comprehensive administrative procedure in dismissal or suspension of school personnel," and that "[b]ecause of the absence of statutory guidelines, this Court has fashioned procedures for the review of quasi-judicial administrative actions involving school boards." 160 W.Va. at 350, 234 S.E.2d at

322–23. In *Mason County*, the writ of certiorari was sought in Kanawha County against the State Superintendent of Schools.

Thus, it may be seen that from our earliest decisions, we have permitted a variety of different procedural vehicles to enable school personnel to obtain review of adverse school board decisions, all as a result of the lack of any comprehensive statutory guidelines.

In *Morgan v. Pizzino*, 163 W.Va. 454, 458, 256 S.E.2d 592, 595 (1979), we sought to discourage the use of an original mandamus in this Court by stating: "However, in the future we will not ordinarily accept petitions alleging irregularities in personnel matters except as appeals after all administrative and circuit court remedies have been pursued."

We stressed the primary administrative role of the State School Superintendent to hear school personnel grievances arising out of Statewide grievance procedures adopted by the State Board of Education in *Jones v. Board of Education*, 170 W.Va. 310, 294 S.E.2d 113 (1982). In referring to the powers given to the State Superintendent under the Statewide grievance procedure, we said in *Jones:* "It gave the Superintendent authority and provided for hearings, subpoenas, taking evidence, briefs, oral arguments, and written decisions." 170 W.Va. at 312, 294 S.E.2d at 115. (Footnote omitted).

The problem that *Leef v. Via*, 170 W.Va. 245, 293 S.E.2d 442 (1982), failed to recognize is that there are a number of occasions when the record is either supplemented or made before the State Superintendent and it is his decisions and regulations that are being challenged. In such situations, he is a real party in interest and to force him to answer in a court proceeding in the county where the local school board resides runs counter to the venue protection afforded State officials by W.Va.Code, 14–2–2. This statute prescribes generally that suits against State officials should be brought in Kanawha County.

Again, I emphasize the lack of a comprehensive statutory administrative procedure in this area has forced this Court to fashion over the years on an ad hoc basis procedural remedies. In the past when grievances and other procedural rights were not readily afforded school personnel, the lack of a comprehensive administrative hearing procedure was not critical. This is no longer the case.