704 S.E.2d 723

**Robert L. SAMS, Petitioner Below, Appellee,**

v.

**CITY OF WHITE SULPHUR SPRINGS, Board of Zoning Appeals, Respondent Below, Appellant.**

**No. 35531.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 13, 2010.

Decided Nov. 19, 2010.

J. Steven Hunter, Esq., Steve Hunter Associates, Lewisburg, WV, for Appellant.

Barry L. Bruce, Esq., Barry L. Bruce and Associates, Lewisburg, WV, for Appellee.

PER CURIAM:

The instant action is before this Court upon the appeal of the City of White Sulphur Springs, Board of Zoning Appeals ("BZA") from the circuit court's order vacating the BZA's August 11, 2008, order which found Robert Sams's use of his property located at 25 Drewery Avenue, White Sulphur Springs, West Virginia, to be non-conforming with a

City zoning ordinance. Herein, the BZA alleges that the circuit court erred in allowing the admission of new evidence at the certiorari hearing and failing to remand the matter to the BZA for further hearing. This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel. For the reasons expressed below, the May 18, 2009, order of the Circuit Court of Greenbrier County is affirmed.

## I.

### FACTUAL AND PROCEDURAL HISTORY

Robert Sams, Appellee, appeared before the BZA on his appeal of a citation issued to him by the City's zoning officer for a nonconforming use at 25 Drewery Avenue, White Sulphur Springs, West Virginia, which was a commercial business located in an area zoned R–1, single family residential usage.[1] The parties agreed that the sole issue on appeal before the BZA was whether Mr. Sams's use of his property was exempt under a grandfather clause in an ordinance adopted by the City on April 19, 1999.[2] If Mr. Sams's business was in operation at the time of the ordinance, then his business will have been "grandfathered" into compliance with the ordinance, which prohibits such uses from coming into existence after its adoption. The parties agreed that the matter would be presented by proffer after which both sides proffered certain testimony and evidence, including pertinent documents, all of which were made part of the record before the BZA.

At the hearing before the BZA, Mr. Sams's counsel proffered testimony stating that Mr. Sams had run his business in the same location since 1998, prior to the adoption of the ordinance, although no documentary evidence was submitted. Mr. Sams himself never testified as such, but he did state that in 1998, he had just purchased a new "walkbehind" and had a couple of weed-eaters in his possession for the use of the business. The BZA unanimously found that Mr. Sams was

---

1. The record reflects that Mr. Sams was issued Citation No. 1001 by the City's zoning officer, Cary Shrewsberry, on June 4, 2008.

2. The specific ordinance provisions are not a part of the underlying record in this matter.

operating a commercial landscaping business at 25 Drewery Avenue, White Sulphur Springs, West Virginia, which was zoned R–1, single family residential usage; that the business had been in operation since 2004, as shown by the only business license applications presented to the BZA by Mr. Sams; and that Mr. Sams had failed to show any evidence that his current commercial operation was in existence at the time the City of White Sulphur Springs adopted the zoning on April 19, 1999. The BZA found that the citation issued to Mr. Sams was a proper citation for a violation of the City's zoning ordinance and that he had six months to correct the violation and stop using the property for his lawn care business.

Mr. Sams filed a petition for writ of certiorari in the circuit court on September 5, 2008. At the hearing held on May 12, 2009, counsel for Mr. Sams indicated that he had the right to submit "new evidence" under W. Va.Code § 8A–9–6(b) [3] and did so over the BZA's objection. Mr. Sams introduced a copy of a business license issued to him by the City on July 21, 1998, which gave him permission to operate Bobby Sams Lawncare at 25 Drewery Avenue. On May 18, 2009, the circuit court entered an order reversing the BZA on the basis of this new evidence. Mr. Sams had not produced this business license at the hearing before the BZA in July 2008.

## II.

### STANDARD OF REVIEW

■ This case requires the Court to review a certiorari order of the circuit court. Pursuant to W. Va. Const. Art. VIII, § 6, circuit courts shall have original and general jurisdiction or proceedings in certiorari and such other jurisdiction as may be prescribed by law. *See* W. Va.Code § 53–3–1 (1923), *et seq.* With regard to circuit court jurisdiction in certiorari as a reviewing tribunal, syllabus point 3 of *Harrison v. Ginsberg*, 169 W.Va. 162, 286 S.E.2d 276 (1982), holds: "On certiorari, the circuit court is required to make an independent review of both law and fact in order to render judgment as law and justice

may require." Syl. Pt. 2, *Wysong ex rel. Ramsey v. Walker*, 224 W.Va. 437, 686 S.E.2d 219 (2009).

In the context of land use planning and zoning, circuit court jurisdiction in certiorari to review the decisions and orders of various local entities is described in W. Va.Code § 8A–9–1 (2004), *et seq.* Relevant to the circumstances herein is W. Va.Code § 8A–9–6 (2004), which states:

(a) The Court or judge may consider and determine the sufficiency of the allegations of illegality contained in the petition without further pleadings and may make a determination and render a judgment with reference to the legality of the decision or order of the planning commission, board of subdivision and land development appeals, or board of zoning appeals on the facts set out in the petition and return to the writ of certiorari.

(b) If it appears to the court or judge that testimony is necessary for the proper disposition of the matter, the court or judge may take evidence to supplement the evidence and facts disclosed by the petition and return to the writ of certiorari, but no such review shall be by trial de novo.

(c) In passing upon the legality of the decision or order of the planning commission, board of subdivision and land development appeals, or board of zoning appeals, the court or judge may reverse, affirm or modify, in whole or in party, the decision or order.

W. Va.Code § 8A–9–6 (2004).

In *State ex rel. Kanawha County Prosecuting Attorney v. Bayer Corporation*, 223 W.Va. 146, 150, 672 S.E.2d 282, 286 (2008), this Court observed that "this Court applies an abuse of discretion standard in reviewing a circuit court's certiorari judgment." (*citing* Syl. pt. 1, in part, *Michaelson v. Cautley*, 45 W.Va. 533, 32 S.E. 170 (1898) ("[T]he circuit court has a large discretion in awarding [a writ of certiorari] ... and, unless such discretion is plainly abused, this court cannot interfere there with.")). *See also* Syllabus, in part, *Snodgrass v. Board of Educ. of Elizabeth Indep. Dist.*, 114 W.Va. 305, 171 S.E.

---

**3.** The provisions of W. Va.Code § 8A–9–6(b) are discussed in detail below.

742 (1933) ("When, after judgment on certiorari in the circuit court, a writ of error is prosecuted in this court to that judgment, a decision of the circuit court on the evidence will not be set aside unless it clearly appears to have been wrong."). It has been said that "the scope of review under the common law writ of certiorari is very narrow. It does not involve an inquiry into the intrinsic correctness of the decision of the tribunal below, but only into the manner in which the decision was reached." *Hall v. McLesky*, 83 S.W.3d 752, 757 (Tenn.Ct.App.2001).

## III.

### DISCUSSION

■ Herein, the BZA asserts that the circuit court erred in allowing the admission of new evidence at the certiorari hearing and failing to remand the matter to the BZA for further hearing. Specifically, the BZA contends that under W. Va.Code § 8A-9-6(b), while the circuit court may take evidence to supplement the evidence and facts disclosed by the petition and return it to the writ of certiorari, no such review shall be by a trial de novo. The BZA maintains that by allowing the filing of the exhibit by Mr. Sams, the circuit court converted the matter into a trial de novo. The BZA asserts that no finding was made by the circuit court that testimony was necessary for the proper disposition of the case. If it was so necessary, then the circuit court should have given opportunity to the BZA to supplement its filings. The BZA argues that, at best, the matter should have been remanded for further consideration by the BZA if the new evidence was to be considered.

Conversely, Mr. Sams contends that the circuit court did not abuse its discretion by reversing the decision of the BZA and by allowing one exhibit to supplement the evidence and the facts disclosed by the petition. The only issue presented was whether Mr. Sams's business was started prior to April 19, 1999, when the zoning map was officially adopted and the zoning ordinance became effective. Mr. Sams points to the findings of fact made by the BZA in the order from the July 15, 2008, hearing, which find that "The petitioner failed to show by any evidence that the commercial operation was in existence at the time of the adoption of the zoning ordinance by the City on April 19, 1999." Mr. Sams argues that this finding was plainly wrong because an examination of the record, transcript and the BZA published minutes clearly indicates that there were proffers clearly stating that tax records referred to showed Mr. Sams's business was started in 1998 and Mr. Sams's own testimony was that his business started in the spring of 1998. Mr. Sams contends that he had business licenses dating back to 2003, but he could not find any of his business license records prior to that time. Furthermore, Mr. Sams argues that there was no evidence presented at the hearing to refute his testimony. The only testimony was that Ms. Lewis, the zoning officer prior to 2004, had talked with Mr. Sams concerning his property not being zoned for his business.

Additionally, Mr. Sams contends that the appeal to the circuit court was not the first time he attempted to present evidence regarding when the business was started. He argues that W. Va.Code § 8A-9-6(b) "allows that the circuit court may take evidence to supplement the evidence and facts disclosed by the petition' ..." Mr. Sams argues that allowing one exhibit exactly on point does not equate to trying the case de novo. It simply supplements the facts and evidence previously disclosed by the parties. Additionally, he contends that it is hard to see how the city that took his business application and issued his license could be prejudiced by the introduction of this evidence because it was clearly in their City records.

■ After thorough consideration of the facts of this case and review of the entire record herein, we find that the circuit court did not abuse its discretion by reversing the decision of the BZA and by allowing Mr. Sams to supplement the record with a copy of his business license issued in 1998, in order to support facts disclosed in the petition. With respect to decisions of a board of zoning appeals, this Court has held that, "[w]hile on appeal there is a presumption that a board of zoning appeals acted correctly, a reviewing court should reverse the ad-

ministrative decision where the board has applied an erroneous principle of law, was plainly wrong in its factual findings, or has acted beyond its jurisdiction." Syl. Pt. 5, *Wolfe v. Forbes,* 159 W.Va. 34, 217 S.E.2d 899 (1975).

In examining the circuit court's order, we find that the circuit court did not abuse its discretion by allowing Mr. Sams to supplement the record pursuant to the authority vested in W. Va.Code § 8A–9–6(b). Specifically, West Virginia Code § 8A–9–6(b) provides the following:

> If it appears to the court or judge that testimony is necessary for the proper disposition of the matter, the court or judge may take evidence to supplement the evidence and facts disclosed by the petition and return to the writ of certiorari, but no such review shall be by trial de novo.

W. Va.Code § 8A–9–6(b).

Indeed, the exhibit presented by Mr. Sams during the circuit court's hearing meets the requirements of W. Va.Code § 8A–9–6(b), as it constitutes evidence to supplement the record and facts previously disclosed by the petition. The document was directly probative on the sole issue in the appeal, whether Mr. Sams's use of his property was exempt under a grandfather clause in an ordinance adopted by the City on April 19, 1999. The application and license clearly indicates that the business location at 25 Drewery Avenue, White Sulphur Springs, West Virginia, is operated under the name "Bobby Sams Lawn Care" and provides direct proof that Mr. Sams started the business in 1998. Accordingly, the addition of this probative exhibit simply does not constitute a "trial de novo."

Furthermore, although Mr. Sams himself never testified as such, his attorney represented to the BZA that Mr. Sams would testify that his business was in operation before the adoption of the subject ordinance. Some of the testimony Mr. Sams provided the BZA clearly implies that the business was in operation at this location prior to 1999. Therefore, the circuit court did not abuse its discretion in finding that the BZA was plainly wrong in its finding of fact that "[t]he petitioner failed to show by any evidence that the commercial operation was in existence at the time of the adoption of the zoning ordinance by the City on April 19, 1999." Based upon this evidence, the circuit court properly determined that Mr. Sams's use of the property at issue was exempt under the grandfather clause of the subject zoning ordinance, and therefore, its reversal and vacation of the August 11, 2008, order of the BZA must be affirmed.[4]

## IV.

## CONCLUSION

Accordingly, for the foregoing reasons, the May 18, 2009, order of the Circuit Court of Greenbrier County is affirmed.

**Affirmed.**

---

4. We also wish to suggest to the City that, in the future, before the BZA issues a perfunctory citation for violation of such a zoning ordinance, it might prevent such unnecessary litigation, and the unnecessary costs it produces in terms of time and money to a local business, by first cross-referencing its own City business licensing records to verify that a violation does in fact exist.