363 S.E.2d 750

**Franklin Clay COFFMAN**

v.

**U.S. STEEL MINING CO., INC., the Coal Mine Safety Board of Appeals of the State of West Virginia.**

**No. 17611.**

Supreme Court of Appeals of West Virginia.

Dec. 9, 1987.

Roger D. Forman, Charleston, for Coffman.

William E. Robinson, Charleston, Steve Barclay, Asst. Atty. Gen., for U.S. Steel, et al.

MILLER, Justice:

Franklin Clay Coffman appeals the dismissal of his case by the Circuit Court of Kanawha County premised on his failure to file a note of argument pursuant to Rule 19 of the Local Rules of the Circuit Court of Kanawha County (local rules). We reverse.

Mr. Coffman had originally filed a safety discrimination complaint under W.Va. Code, 22A–1A–20, based on a claim that he was subject to substantial verbal abuse and threats by a supervisory employee when he filed a safety complaint. After the Coal Mine Board of Appeals rendered an adverse decision, he exercised his right to appeal under the Administrative Procedure Act (APA) as a contested case pursuant to W.Va. Code, 29A–5–4. Under subsection (b) of this statute, he was required to file a petition within thirty days after receipt of notice of the final order from the involved agency.[1]

Turning to Local Rule 19,[2] it is to be noted that the local rules were approved by this Court on July 22, 1960 and adopted by the Kanawha County Circuit Court on August 3, 1960. They were a result of the adoption of the West Virginia Rules of Civil Procedure.[3]

It appears that Local Rule 19 evolved at the time when there were courts of record of limited jurisdiction and appeals could be taken from them to the Circuit Court of Kanawha County.[4] This procedure was codified in W.Va. Code, 58–4–1, *et seq.*, and provided for an initial petition for a writ of error to the circuit court. W.Va. Code, 58–4–3. This petition was then reviewed and could be refused or granted. W.Va. Code, 58–4–7. If granted, it was then subject to full hearing. W.Va. Code, 58–4–15. It was in aid of this procedure that Rule 19 was fashioned.

We are fortified in this observation by the fact that Local Rule 20 relates to certified questions and refers specifically to W.Va. Code, 58–4–2, which dealt with certification of questions from courts of record of limited jurisdiction. Moreover, Local Rule 21 sets out the form of appellate brief once the appeal has been granted by the circuit court. Significantly, under this Rule the failure to file a brief does not result in a dismissal, but only postpones the submission of the case.[5]

1. The text of W.Va. Code, 29A–5–4(b) is:

"Proceedings for review shall be instituted by filing a petition, at the election of the petitioner,.in either the circuit court of Kanawha county, West Virginia, or with the judge thereof in vacation, or in the circuit court of the county in which the petitioner or any one of the petitioners resides or does business, or with the judge thereof in vacation, within thirty days after the date upon which such party received notice of the final order or decision of the agency. A copy of the petition shall be served upon the agency and all other parties of record by registered or certified mail. The petition shall state whether the appeal is taken on questions of law or questions of fact, or both. No appeal bond shall be required to effect any such appeal."

2. Local Rule 19 provides:

"*Appellate Procedure to the Circuit Court.* (a) A petition to the circuit court of Kanawha county for any appellate relief should briefly state the case and must assign errors, naming the particular order or orders complained of and the date or dates of rendition, and if a supersedeas is desired it should be so stated in the prayer of the petition, but the case is not to be argued in the petition.

"(b) A separate note of argument, setting forth the points and authorities relied on, shall be submitted with the petition. A note of argument may be filed in opposition to such petition.

"(c) When the court is in term, counsel will not be heard orally on petitions for appellate relief except in open court; but this rule may be varied when the circumstances call for such action. Such presentation should be confined to the facts of the case and the errors therein and the points of law relied upon."

3. *See* editor's note prefatory to Rule 1 of the Local Rules. Michie's, West Virginia Rules Annot. 277 (1987).

4. The Judicial Reorganization Amendment to the West Virginia Constitution, adopted by the voters on November 5, 1974, changed all courts of record of limited jurisdiction into circuit courts. W.Va. Const. art. VIII, § 5.

5. Local Rule 21(d) provides:

It is clear that review of administrative proceedings under the APA was not contemplated by these local rules since the APA was not adopted until 1964.[6] We have also stated that where an administrative agency is exempt from the APA, then certiorari is the proper method of review according to Syllabus Point 2 of *State ex rel. Ginsberg v. Watt*, 168 W.Va. 503, 285 S.E.2d 367 (1981):

> "A writ of certiorari in the Circuit Court of Kanawha County is the proper means for obtaining judicial review of a decision made by a state agency not covered by the Administrative Procedure Act."

*See also,* Syllabus Point 3, *Board of Education v. MacQueen,* 174 W.Va. 338, 325 S.E.2d 355 (1984).

We, therefore, conclude that an administrative agency appeal is not subject to Local Rule 19 of the Kanawha County Circuit Court and, therefore, the court erred in dismissing the appeal.

For the foregoing reasons, the judgment of the Circuit Court of Kanawha County is reversed and the case is remanded.

Reversed and remanded.

---

"The court on its own motion may refuse to allow submission of any case until briefs complying with this rule shall have been filed."

6. 1964 Acts of Legislature, Ch. 1; *see generally,* C. Harrison, West Virginia Administrative Procedure Act, 66 W.Va.L.Rev. 159 (1964).