728 S.E.2d 135

**J.S., a Minor by His Next Friend and Mother S.N., Petitioner Below, Petitioner**

v.

**Patsy A. HARDY, in Her Official Capacity as Secretary of the West Virginia Department of Health and Human Resources; and Todd Thornton, In His Official Capacity As State Hearing Officer for the West Virginia Department of Health and Human Resources, Respondents Below, Respondents.**

No. 11–0273.

Supreme Court of Appeals of West Virginia.

Submitted April 10, 2012.

Decided June 7, 2012.

Kate White, Esq., Bruce Perrone, Esq., Benita Whitman, Esq., Legal Aid of West Virginia, Charleston, WV, for Petitioner.

Darrell V. McGraw, Esq., Attorney General, Michael E. Bevers, Esq., Assistant Attorney General, Kimberly Stitzinger–Jones, Assistant Attorney General, Bureau for Medical Services, West Virginia Department of Health and Human Resources, Charleston, WV, for Respondent Department of Health and Human Resources.

PER CURIAM:

The petitioner, J.S.,[1] a minor by his next friend and mother, S.N., appeals the January 14, 2011, order of the Circuit Court of Kanawha County. The circuit court's order affirmed the decision of Respondent West Virginia Department of Health and Human Resources ("DHHR") that denied the petitioner's authorization request for a power wheelchair. Upon our review of this matter, we find that the circuit court applied an erroneous standard of review to the decision of the DHHR Board of Review. Therefore, we reverse the circuit court's ruling, and we remand to the circuit court for proceedings consistent with this opinion.[2]

## I.

### FACTS

The petitioner, J.S., is a 13–year–old boy who suffers from Quad Cerebral Palsy.[3] In 2009, J.S., through his mother, submitted an authorization request for a power wheelchair with 55 accessories to the Respondent DHHR which administers the federal Medicaid program in West Virginia.[4] The respon-

dent denied the petitioner's request on the basis that it exceeded the Medicaid policy of providing only the most economical equipment to meet a recipient's basic health care needs.

The petitioner appealed this denial to the DHHR Board of Review. A state hearing officer for the Board of Review subsequently held an evidentiary hearing on the issue of the petitioner's need for the requested wheelchair. At the evidentiary hearing, the petitioner presented a nine-page document, signed by his physical therapist, occupational therapist, and physician, which explained in detail the petitioner's need for the power wheelchair and its various accessories. According to this document, J.S.'s current pediatric wheelchair was more than six years old and needed replacement. Also, the petitioner's functional status had declined because he does not have a wheelchair that fits him. The letter further indicated that the petitioner's basic health care needs include mobility to and from destinations, repositioning himself for pressure redistribution and tone management, access to eating/hygiene/toileting/clothing management/grooming activities, and arrangement to facilitate safe and effective transfers. The document concludes that the requested wheelchair is needed to satisfy the petitioner's medical needs.

By a decision rendered on April 6, 2010, the hearing officer upheld the respondent's denial of the authorization request for the power wheelchair. The hearing officer found

1. Consistent with this Court's practice of protecting the identity of juveniles in sensitive matters, we identify the petitioner and his mother by their initials only.

2. The instant case originally was consolidated with *R.B., a minor by his next friend and mother, T.R. v. Patsy A. Hardy, in her official capacity as Secretary of the West Virginia Department of Health and Human Resources, et al.*, No. 11–0272. The Court granted the motion of the petitioner in *R.B.* to dismiss that case by order dated April 10, 2012.

3. Quad Cerebral Palsy means the petitioner's Cerebral Palsy affects all four of his limbs.

4. In its brief to this Court, the DHHR explains that Medicaid is a joint federal-state program established by Title XIX of the Social Security Act which provides health care and medical

equipment to financially and medically needy individuals. Beneficiaries include low-income adults and children, the elderly, and mentally and physically disabled individuals. Under West Virginia's Medicaid statutes, the DHHR has the sole authority to decide eligibility groups, types, and range of services, payment levels for services, and operating procedures. Within the DHHR, the Bureau for Medical Services is the single state Medicaid agency responsible for ensuring that health services are provided to eligible West Virginia residents in compliance with federal Medicaid law as well as state laws. The petitioner's request for a power wheelchair falls under the Medicaid Durable Medical Equipment Program which is set up cooperatively between the federal and state government and is administered by the Bureau for Medical Services.

**254**

that the petitioner failed to justify 15 of the requested accessories, and that two of the requested accessories are not covered by Medicaid. The petitioner appealed the hearing officer's decision to the Circuit Court of Kanawha County, and the circuit court upheld the hearing officer's decision.

## II.

### STANDARD OF REVIEW

 The petitioner's appeal of the circuit court's order is before us on a writ of certiorari. "This Court applies an abuse of discretion standard in reviewing a circuit court's certiorari judgment." Syl. pt. 2, *Jefferson Orchards v. Zoning Bd. of Appeals*, 225 W.Va. 416, 693 S.E.2d 781 (2010). We review questions of law *de novo. See* Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). With these standards to guide us, we now proceed to determine whether the circuit court abused its discretion in upholding the decision of the hearing officer.

## III.

### DISCUSSION

The first assignment of error raised by the petitioner is that the circuit court used the wrong standard in reviewing the hearing officer's decision. According to the petitioner, the circuit court applied a clearly wrong standard and gave deference to the hearing officer's factual findings when the court should have reviewed these findings *de novo*. The petitioner explains that the circuit court treated the appeal as if it arose under the Administrative Procedures Act instead of on a writ of certiorari. The petitioner asserts that it is proper for a circuit court to give deference to an administrative agency's findings of fact under the Administrative Procedures Act, whereas on a writ of certiorari the circuit court must review an agency's findings of fact in a plenary fashion. The respondent counters that the circuit court's application of the clearly wrong standard of review to the agency's factual findings was harmless error. According to the respondent, a reading of the circuit court's final order shows that the court reviewed the facts

independently and reached the correct conclusions.

 At the outset, we note that the petitioner properly brought this matter before the circuit court on a writ of certiorari. This Court recently held, "[u]nder West Virginia Code § 29A–1–3(c) (2007), the Administrative Procedures Act does not apply to contested cases involving the receipt of public assistance." Syl. pt. 2, *Bills v. Hardy*, 228 W.Va. 341, 719 S.E.2d 811 (2011). In the instant case, the petitioner is seeking public assistance through this State's Medicaid program to pay for a power wheelchair. Therefore, the Administrative Procedures Act does not apply to this case.

 Rather, in cases such as the instant one, this Court has recognized that "[a] writ of certiorari in the Circuit Court of Kanawha County is the proper means for obtaining judicial review of a decision made by a state agency not covered by the Administrative Procedures Act." Syl. pt. 2, *State ex rel. Ginsberg v. Watt*, 168 W.Va. 503, 285 S.E.2d 367 (1981). With regard to the standard of review in such cases, this Court had held that "[o]n certiorari the circuit court is required to make an independent review of both law and fact in order to render judgment as law and justice may require." Syl. pt. 3, *Harrison v. Ginsberg* 169 W.Va. 162, 286 S.E.2d 276 (1982). Accordingly, we agree with the petitioner that the court below was required to make an independent review of the hearing officer's decision.

Finally, the petitioner is also correct that the circuit court used the wrong standard of review. The circuit court stated in its final order that "[t]he Court must give deference to the administrative agency's factual findings and reviews those findings under a clearly wrong standard." The circuit court further indicated that "[i]f an administrative agency's factual finding is supported by substantial evidence, it is conclusive." (Citation omitted). Having found that the circuit court used an improper standard of review below, this Court must determine whether, as posited by the respondent, the circuit court's application of the wrong standard constitutes harmless error.

In considering this issue, we find our recent opinion in *Bills v. Hardy, supra*, instructive. *Bills* was a public assistance case that was before this Court on a writ of certiorari. The specific issue in *Bills* involved a circuit court order upholding a decision of the DHHR which ruled that the petitioner in that case was not eligible for the Mentally Retarded/Developmentally Delayed Home and Community–Based Waiver Program. As one of his grounds for appeal to this Court, the petitioner alleged error based on the circuit court's application of an incorrect standard of review. As in this case, the circuit court in *Bills*, which is the same court involved in this case, improperly reviewed the DHHR's findings of fact under a clearly wrong standard of review. Again, as in the present case, the DHHR contended that the circuit court's error was harmless. In rejecting the DHHR's assertion of harmless error, this Court explained:

> The DHHR contends that [the circuit court's] statement that he owed deference to the Department's factual determinations is harmless error." Given the pivotal factual determination at issue here—whether Mr. Bills has the requisite limited functioning in the life area of self-direction—we cannot conclude that the error at issue is harmless. The obligation of a circuit court that accepts a case for review under certiorari is clear: "On certiorari the circuit court is required to make an independent review of both law and fact in order to render judgment as law and justice may require." Syl. Pt. 3, *Harrison v. Ginsberg*, 169 W.Va. 162, 286 S.E.2d 276 (1982); *see also* Syl. Pt. 2, *State ex rel. Prosecuting Attorney v. Bayer Corp.*, 223 W.Va. 146, 672 S.E.2d 282 (2008) (holding that "[u]nless otherwise provided by law, the standard of review by a circuit court in a writ of certiorari proceeding under W. Va.Code § 53–3–3 (1923) (Repl.Vol.2000) is de novo"). The DHHR argues that "the *Final Order* shows that [the circuit court] reviewed the facts independently and reached the correct conclusion." To support this contention, the DHHR refers to the trial court's language that Mr. Bills' allegations "do not withstand the amount of evidence in this case." Instead of demonstrating that the proper standard of review was employed, we find the opposite: the absence of any significant indicia that the trial court reviewed the record independent of the administrative decision.

*Bills*, 228 W.Va. at 845–46, 719 S.E.2d at 815–16.

Our reasoning in *Bills* applies to the instant case. As in *Bills*, there are disputed factual issues in this case with regard to whether the petitioner proved his need for several accessories on the wheelchair he requested. Moreover, this Court is unable to conclude from our reading of the circuit court's final order that the court conducted an independent review of the evidence on the record below. For example, the court found that "the State Hearing Officer did not err by relying on information provided from the medical personnel that worked for the DHHR." The court further provided that

> As the State Hearing Officer concluded, without explicit justification and the necessary documentation for each of the requested accessories, Petitioner has not satisfied the policy requirements. The record is complete and the evidence supports the State Hearing Officer's decision to uphold the DHHR's denial of prior authorization for the requested power wheelchair.

It appears to this Court from our reading of the circuit court's order that the circuit court reviewed the record below to determine whether there was sufficient evidence to support the hearing officer's decision. This falls short of the independent review of the facts required of the court. On appeal of the hearing officer's decision, the circuit court should have looked at the evidence with fresh eyes to determine whether the evidence supports the petitioner's need for the requested wheelchair. For this reason, we conclude that the circuit court's use of the wrong standard of review constitutes reversible error.

Having determined above that the circuit court committed reversible error by not applying the proper standard of review to the hearing officer's decision below, this Court remands this matter to the circuit court for the court to make an independent

review of both the law and the facts of this case. We further emphasize that on remand the circuit court may take additional evidence to aid the court in making a final decision. It is well settled that "[u]pon the hearing of . . . [a] writ of certiorari, the circuit court is authorized to take evidence, independent of that contained in the record of the lower tribunal[.]" Syl. pt. 4, in part, *North v. W. Va. Bd. of Regents*, 160 W.Va. 248, 233 S.E.2d 411 (1977).[5]

## IV.

### CONCLUSION

For the reasons set forth above, this Court reverses the January 14, 2011, order of the Circuit Court of Kanawha County. In addition, we remand this case to the circuit court, and we direct the circuit court to hold a full evidentiary hearing consistent with this opinion on J.S.'s need for the disputed wheelchair accessories within thirty days of the date of this opinion. Thereafter, the circuit court is to issue a ruling on this matter forthwith.[6] The mandate of this Court shall issue contemporaneously herewith.

Reversed and remanded with directions.

---

5. This Court does not find it necessary to address the petitioner's four remaining assignments of error since we are remanding this case for further review. We briefly mention, however, the alleged errors pertaining to the application to this case of the Early and Periodic Screening, Diagnosis and Treatment ("EPSDT") Medicaid services for individuals under the age of 21. According to the petitioner, the circuit court acted improperly as it failed to distinguish between Medicaid coverage for adults and coverage for individuals under the age of 21 when it determined that two of the accessories on the power wheelchair requested by the petitioner were not covered by Medicaid. The petitioner further contends that the circuit court failed to apply the EPSDT's medical necessity standard in evaluating the petitioner's need for the requested wheelchair. Finally, the petitioner claims that the DHHR has never properly incorporated the EPSDT standard of medical necessity into its Medicaid regulations. On remand, the petitioner may again raise these issues in the circuit court, and the circuit court should make an independent review of the proper law to apply to this case.

6. Frankly, this Court finds it unfortunate that the parties in this case were unable to reach a settlement that would have provided J.S. with a power wheelchair that substantially meets his needs. This is especially so considering that the parties are arguing over not more than 15 accessories out of 55 requested accessories. Because we have found it necessary to remand this case to the circuit court for additional proceedings, regrettably J.S. must continue to use a wheelchair which he long ago outgrew and to wait for a more properly sized wheelchair which he originally requested in 2009.