556 S.E.2d 72

**Jimmy Dale ADKINS, Petitioner Below, Appellee**

v.

**WEST VIRGINIA DEPARTMENT OF EDUCATION, Respondent Below, Appellant**

No. 29066.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 18, 2001.

Decided Oct. 31, 2001.

Dissenting Opinion of Justice Albright Nov. 9, 2001.

Darrell V. McGraw, Jr., Attorney General, Kelli D. Talbott, Senior Assistant Attorney General, Charleston, for Appellant.

Henry M. Hills, III, Crandall, Pyles, Haviland & Turner, Logan, for Appellee.

PER CURIAM:

This case is before this Court upon appeal of a final order of the Circuit Court of Kanawha County entered on July 13, 2000. Pursuant to that order, the circuit court upheld a decision of the appellant and respondent below, the West Virginia Department of Education (hereinafter "Department of Education"), suspending the appellee and petitioner below, Jimmy Dale Adkins, a school teacher, for untruthfulness on a certification application. However, the circuit court found the two-year suspension imposed by the Department of Education to be arbitrary and capricious and an abuse of discretion, and thus, ordered that the suspension be reduced to one year. In this appeal, the Department of Education contends that the circuit court clearly erred by reducing the suspension.

This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For the reasons set forth below, the final order of the circuit court is reversed.

## I.

Jimmy Dale Adkins began his teaching career in 1973. On July 11, 1977, while employed as an elementary school teacher in Clay County, Mr. Adkins was convicted of two counts of delivery of cocaine, a felony, in the Circuit Court of Nicholas County. As a result of his convictions, Mr. Adkins lost his job and served one year in prison followed by five years of probation.

In 1983, Mr. Adkins decided to return to teaching and applied for a substitute teaching permit from the Department of Education. On his application, Mr. Adkins indicated that he had been convicted of a felony in this state. Without investigation, the Department of Education issued the certification. Soon after, Mr. Adkins was employed by the Braxton County Board of Education which was aware of his felony convictions.

In 1989, Mr. Adkins filed an application with the Department of Education for the conversion of his provisional professional teaching certificate to a professional teaching certificate valid for five years. On the application, Mr. Adkins answered "no" to the following question: "Have you ever been convicted of or are you currently under indictment for a felony?" His application was approved. On another certification application filed in 1994, Mr. Adkins again indicated that he had not been convicted of a felony. However, when Mr. Adkins sought a permanent teaching certificate in 1999, he correctly answered "yes" to the question regarding prior felony convictions. Upon receipt of this application, the Department of Education began an investigation and requested that Mr. Adkins provide documentation of his convictions.

Thereafter, the Department of Education discovered that Mr. Adkins was untruthful on the certification applications he filed in 1989 and 1994. It was also discovered that no investigation had occurred when Mr. Adkins applied for a substitute teaching permit in 1983, even though at that time he was truthful about his prior convictions. On September 8, 1999, the Department of Education denied Mr. Adkins' application for a permanent teaching certification and further notified him that his teaching certificate would not be renewed for a period of at least two years after the date of his most recent application.

On September 24, 1999, Mr. Adkins requested a hearing regarding the non-renewal of his certification. Accordingly, a hearing was held before the Professional Practice Panel (hereinafter "Panel") of the Department of Education.[1] On December 15, 1999, the Panel issued its recommendation that Mr. Adkins' certification be suspended for a minimum of two years, beginning on the date of entry of the suspension order. On December 21, 1999, the Department of Education adopted the Panel's recommendation and ordered that Mr. Adkins' teaching certification

be suspended for two years beginning on that date.

Mr. Adkins challenged his suspension by filing a petition for a writ of certiorari in the Circuit Court of Kanawha County. After briefing and oral argument, the circuit court entered an order upholding the Department of Education's finding that Mr. Adkins was intentionally untruthful on his 1989 and 1994 certification applications. However, the circuit court found that the two-year suspension imposed by the Department of Education was arbitrary and capricious and constituted an abuse of discretion. Consequently, the circuit court ordered that Mr. Adkins' suspension be reduced to a one-year period beginning on December 21, 1999 and ending on December 21, 2000. This appeal followed.[2]

## II.

The sole issue in this case is whether the circuit court erred by reducing Mr. Adkins' two-year suspension imposed by the Department of Education to one year. As noted above, the record reflects that Mr. Adkins sought review of the Department of Education's decision by filing a petition for a writ of certiorari pursuant to W.Va.Code §§ 53–3–1 to –6 (1923). This Court has recognized that "school personnel may also seek review of school board actions by writ of certiorari in circuit court under West Virginia Code § 53–3–2 (1981 Replacement Vol.), which provides, in pertinent part, that certiorari lies 'in every case, matter or proceeding before a[n] ... inferior tribunal ... after a judgment or final order therein....' " *Board of Educ. of Lincoln County v. MacQueen*, 174 W.Va. 338, 340, 325 S.E.2d 355, 357 (1984). In *Beverlin v. Board of Educ. of Lewis County*, 158 W.Va. 1067, 216 S.E.2d 554 (1975), this Court "established that on a writ of certiorari the court may review the action of the lower tribunal to determine if it acted in an arbitrary and capricious manner, and if it did, its action will be reversed." *North v. West Virginia Bd. of Regents*, 160

---

1. Pursuant to 126 C.S.R § 4–4.4 (1999), the State Superintendent of the Board of Education is authorized to appoint a Professional Practice Panel to hear and make recommendations to him regarding action against a teacher's license.

2. On December 12, 2000, this Court stayed the circuit court's order pending disposition of this appeal.

W.Va. 248, 260, 233 S.E.2d 411, 418–19 (1977).[3]

In this case, the circuit court determined that "the tribunal below was not arbitrary and capricious in regard to its finding that Jimmy D. Adkins' 1989 and 1994 certification application forms were submitted by him with improper information and that such information was intentionally placed on the forms." However, the circuit court went on to state in its final order that "the two-year suspension imposed by the State Department of Education in this matter is arbitrary and capricious and an abuse of discretion, in that the two-year suspension does not fit the misconduct demonstrated by the Department and the evidence set forth on the record by Mr. Adkins." Accordingly, the circuit court reduced the suspension to one year.

■■ This Court has advised that a circuit court may not reverse a decision of an administrative agency simply because it would have decided the case differently. *Berlow v. West Virginia Bd. of Medicine*, 193 W.Va. 666, 672, 458 S.E.2d 469, 475 (1995). As we explained in Syllabus Point 3 of *In re Queen*, 196 W.Va. 442, 473 S.E.2d 483 (1996), "the 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Thus, "[t]he scope of review under the arbitrary and capricious standard is narrow, and a court is not to substitute its judgment for that of the hearing examiner." *Martin v. Randolph County Bd. of Educ.*, 195 W.Va. 297, 304, 465 S.E.2d 399, 406 (1995).

■ Having reviewed the record in this case, we find that the circuit court erred in reducing Mr. Adkins' suspension from two years to one year. Pursuant to W.Va.Code § 18A–3–6 (1969),

The state superintendent may, after ten days' notice and upon proper evidence, revoke the certificates of any teacher for drunkenness, untruthfulness, immorality, or for any physical, mental or moral defect which would render him unfit for the proper performance of his duties as a teacher, or for any neglect of duty or refusal to perform the same, or for using fraudulent, unapproved, or insufficient credit, or for any other cause which would have justified the withholding of a certificate when the same was issued.

Likewise, 126 C.S.R. § 4–4.10.1 (1999) provides that "[t]he Superintendent shall have authority to revoke, suspend, or restrict the teaching certificate." In addition, the State Superintendent may make corrections with regard to errors in the certification process. W.Va.Code § 18A–3–6 further provides that "[i]f a certificate has been granted through an error, oversight, or misinformation, the state superintendent of schools shall have authority to recall the certificate and make such corrections as will conform to the requirements of law and the state board of education."

The record in this case shows that the Department of Education's decision to suspend Mr. Adkins' certification for two years was based primarily on his untruthfulness regarding his felony convictions on his 1989 and 1994 certification applications. However, it is clear that the Department of Education also considered the fact that Mr. Adkins' felony convictions should have precluded his certification in the first instance in 1983. The Department of Education also noted that Mr. Adkins had continued to teach without certification but with the permission of the Braxton County school system after he was given notice that this certification would not be renewed. Finally, the Department of Education weighed in the fact that errors were made in dis-

---

**3.** During oral argument before this Court, the circuit court's review of this case was discussed in terms of the State Administrative Procedures Act, W.Va.Code §§ 29A–5–1 to –5 (1964). However, since this case was brought before the circuit court on a writ of certiorari pursuant to W.Va.Code § 53–3–1, we need not discuss the applicability of that Act. We note though that the standard of review under both statutes is essentially the same. *See* W.Va.Code § 29A–5–4(g) (1998). A similar standard of review is also employed when school personnel appeal a decision of the West Virginia Educational Employees Grievance Board under W.Va.Code § 18–29–7 (1985). *See* Syllabus Point 1, *Martin v. Randolph County Bd. of Educ.*, 195 W.Va. 297, 465 S.E.2d 399 (1995).

covering the inconsistent information Mr. Adkins provided. Given these facts and given the authority afforded the State Superintendent by W.Va.Code § 18A–3–6 and 126 C.S.R. § 4–4–10.1, the decision of the Department of Education cannot be characterized as arbitrary or capricious, nor does it constitute an abuse of discretion.

Accordingly, for the reasons set forth above, the final order of the Circuit Court of Kanawha County entered on July 13, 2000, is reversed, and the December 21, 1999 decision of the Department of Education suspending the teaching license of Mr. Adkins for two years is reinstated.

Reversed.

Justice ALBRIGHT dissents and files dissenting opinion joined by Justice STARCHER.

ALBRIGHT, Justice, dissenting.

(Filed Nov. 9, 2001)

I respectfully dissent from the majority opinion because the recommendation of the department of education professional practice panel and the decision of the state superintendent to impose a two-year, rather than a one-year suspension on the Appellee, was not accompanied by findings of fact and conclusions of law on the issue of an appropriate punishment.

The record is clearly sufficient on the issue of Appellee's failure to honestly and fully complete his application for a teaching license by concealing the fact that he had previously been convicted of a serious crime. Neither that concealment nor the underlying criminal conduct may be condoned.

However, the record is essentially silent on the issue of why a two-year suspension was imposed by the state office in light of the fact that the county school board which employed and still employs Appellee was fully aware of the facts and circumstances of the matters Appellee omitted from his license application, and that the county board considers Appellee's service as a teacher to be exemplary despite the omission of important information from the application to the state for a teaching license.

As I understood from the oral argument before this Court, Appellant defends its imposition of a two-year suspension on the grounds that the professional practice panel *routinely* recommends and the state superintendent *routinely* imposes two-year suspensions in cases of this type. Based upon a page-by-page review of that record, as submitted to the reviewing court below and to this Court, and after a careful re-reading of the briefs submitted, I can find no demonstration of how a two-year suspension was determined to be the appropriate penalty, how that decision was reached in this case, whether there have been similar penalties in similar cases or why the decision of the reviewing court below to reject the two-year suspension as arbitrary and capricious was inappropriate. In short, there is nothing before this Court, and apparently there was nothing before the lower reviewing court, which allowed for a reasoned analysis of the penalty decision by a reviewing court. Based on the record, the imposition of a two-year penalty was simply the exercise of uncontrolled, arbitrary and capricious discretion.

In addition to the fact that there has been no record made as to why the two-year penalty was chosen, an additional concern appears. The claimed *routine* recommendation of the professional practice panel and the *routine* imposition of a fixed penalty of two years by the state superintendent sounds like, looks like and works like a rule or regulation which has *not* been properly published, promulgated and put into effect as a rule or regulation of the professional practice panel or the state superintendent of schools under the provisions of the administrative procedures act of this state. W.Va.Code, Chapter 29A. As the saying goes, if it looks like a duck, walks like a duck and quacks like a duck, it *most probably is a duck.* Reliance upon such an unpublished, un-promulgated rule or regulation may not be the basis of a decision of an administrative body imposing a civil penalty on a person regulated by that administrative body, and reliance on such an un-promulgated regulation is therefore facially arbitrary and capricious, in keeping with the finding of the lower reviewing court.

Where the actions of an administrative body are found to be arbitrary or capricious, the circuit courts are vested with authority

upon appeal to reverse, vacate or *modify* the action of the administrative body. The circuit court, faced with the bare record of the nature of the offense and the Appellee's teaching record, chose to modify the action of the administrative body in light of that body's arbitrary and capricious action. In my view, the lower court was clearly entitled to end the matter by *modifying* the administrative order, especially in light of that body's apparent reliance upon an unpublished, un-promulgated and ineffective rule or regulation. In light of the paltry record on the issue of an appropriate penalty, I cannot say that the circuit court was clearly wrong in view of the reliable, probative and substantial evidence on the record. Moreover, in light of the circumstances of this case, I cannot say that the court below was arbitrary or capricious or abused its discretion in devising a means of appropriately punishing Appellee without indirectly sanctioning the use of an unpublished, un-promulgated and ineffective rule or regulation.

I am authorized to state that Justice STARCHER joins me in this dissenting opinion.