## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Paladini et al.

v.

Burke & Herbert
Bank & Trust

January 22, 2002

Case No. (Chancery) CH010818

BY JUDGE ALFRED D. SWERSKY

After hearing the evidence on the merits and the argument of Counsel, the Court finds that Plaintiffs are entitled to the relief sought in their Bill of Complaint; namely, specific performance of the Contract for the sale of 114 Cameron Mews, Alexandria, Virginia.

The facts are not seriously in dispute. On April 25, 2001, Plaintiffs, through their agent Holland, faxed a Contract signed by them for the purchase of the property to Defendant's agent, Andors. Andors contacted Holland by phone on April 26, 2001, to advise him of a Counteroffer as to the purchase price and a shorter time for a home inspection. Holland asked Andors to fax to him copies of the changes in the Contract and prior to the receipt of the fax, advised Andors that the Counteroffer was accepted.

On Friday, April 27, 2001, a copy of the Contract with the Counteroffer was hand-delivered by Defendant to Holland. Later that day, Defendant withdrew the Counteroffer. Plaintiffs had not yet signed off on the changes embodied in the Counteroffer and, in fact, have not yet done so. The evidence is that Plaintiffs are ready, willing, and able to perform the Contract as set forth in the Counteroffer.

In this case, the Statute of Frauds, Code of Va., § 11-2, is satisfied because there is a memorandum, writing, or note of the agreement signed by the party to be charged, the Bank, as executor. The Contract with the changes

was signed and initialed by the appropriate representative of the Bank. In addition, if there were any restrictions upon the Bank's Agent's authority to be notified of the acceptance of the Counteroffer, it was never communicated to Plaintiffs. Thus, they could rely on Andors's apparent authority to act on behalf of his principal.

Defendants further argue that the Contract contains an integration clause, requiring that any amendments be in writing and that the parties are not bound by any terms, conditions, statements, or representations not contained in the Contract. Once again, the writing signed by the Bank is a sufficient writing and the terms of the Counteroffer, as accepted verbally by Plaintiffs, are a part of the Contract.

Next, Defendant argues that there is no mutuality of Contract because they have no such writing signed by Plaintiffs that would enable them to enforce the Contract by specific performance. Mutuality need not be a perfect balance of rights. Here the Bank had a signed memorandum from Plaintiffs embodying their original Offer and, had circumstances so required, could have sought enforcement of that agreement by specific performance or by seeking damages. *See, Wright v. Bryan*, 226 Va. 557, 311 S.E.2d 776 (1984).

The recent holding in *G & M Homes, Inc. v. Pearson*, 263 Va. 107, 556 S.E.2d 74 (2002), is distinguishable from this case on its facts and does not change the result obtained here.

Plaintiffs' request for attorneys' fees will be denied as they were not sought in the prayer for relief in the Bill of Complaint nor were they provided to Defendant in discovery and the affidavit setting forth the amount was not timely filed.