# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Deborah L. Hale, Respondent Below,**
**Petitioner**

**FILED**

**June 28, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 12-0776** (Kanawha County 11-AA-95)

**West Virginia Department of Transportation,**
**Division of Highways, Petitioner Below,**
**and Kristen Cook, Intervenor Below,**
**Respondents**

## MEMORANDUM DECISION

Petitioner Deborah L. Hale, by counsel John W. Feuchtenberger, appeals the Circuit Court of Kanawha County's February 17, 2012 order reversing the decision of the West Virginia Public Employees Grievance Board ("Grievance Board") granting petitioner relief on her grievance. Respondent West Virginia Department of Transportation, Division of Highways ("DOT"), by counsel Krista D. Black, has filed a response and also asserted a cross-assignment of error in regard to this order. Petitioner has also filed a reply. Kristen Cook has made no appearance in this matter.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2009, Respondent DOT posted a new position in District Ten for an Administrative Services Manager 1. Interviewees were chosen by a committee consisting of Jeff Black, the director of the human resources division, and Gene Godfrey, a mid-level manager in the central DOT headquarters. Both petitioner and Respondent Cook were among the chosen interview candidates, and Cook was eventually selected for the position. In April of 2010, petitioner filed a Level I grievance because she was not selected for the position, and a conference was held on April 16, 2010. By decision issued on May 5, 2010, the grievance was denied. Petitioner appealed the decision to Level II, where mediation was unsuccessful. On July 13, 2010, petitioner appealed the decision to Level III. Following a hearing, the Administrative Law Judge ("ALJ") granted petitioner's grievance. Respondent DOT was ordered to place petitioner in the grieved position with increased compensation and all additional pay and benefits, with back pay, and appropriate statutory interest and benefits beginning April 1, 2010. Thereafter, Respondent DOT filed an appeal in the circuit court. By order entered on February 17, 2012, the circuit court reversed the Grievance Board's decision. It is from this order that petitioner appeals, alleging three assignments of error.

1

This Court has previously held that "'[a] final order of the hearing examiner for the West Virginia Educational Employees Grievance Board . . . should not be reversed unless clearly wrong.' Syllabus Point 1, *Randolph County Board of Education v. Scalia*, 182 W.Va. 289, 387 S.E.2d 524 (1989)." Syl. Pt. 3, in part, *Alderman v. Pocahontas Cnty. Bd. of Educ.*, 223 W.Va. 431, 675 S.E.2d 907 (2009) (internal citations omitted). Upon our review, the Court concludes that the circuit court did not improperly review the Grievance Board's decision nor did it err in reversing that decision. While petitioner argues that the circuit court applied an incorrect standard of review in reaching its decision to reverse, the Court finds that petitioner is entitled to no relief in regard to this assignment of error. A review of the order in question shows that the circuit court found "that the decision of the ALJ for the [Grievance Board] was clearly wrong in view of the reliable, probative and substantial evidence on the whole record." As such, it is clear that the circuit court applied a "clearly wrong" standard as required by *Scalia and Alderman*.

In reaching its determination as to the ALJ's decision being clearly wrong, the circuit court also found that the ALJ substituted her judgment for that of the interviewers in identifying a significant flaw in the selection process. The circuit court applied an arbitrary and capricious standard in reviewing the ALJ's finding as to a significant flaw in the selection process. We have previously held that "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syllabus Point 3, *In re Queen*, 196 W.Va. 442, 473 S.E.2d 483 (1996)." Syl., *Adkins v. W.Va. Dep't of Educ.*, 210 W.Va. 105, 556 S.E.2d 72 (2001).

The circuit court noted that the ALJ's decision indicated flaws with the selection process, such as inaccurate ratings for each interviewee, and also the fact that Mr. Black suffered a cough that caused him to excuse himself, which deprived petitioner of a valid interview. However, the circuit court found that the testimony established that "the interviewers had logical reasons for the ratings that were given to [petitioner] and [Respondent Cook]." These logical reasons included consideration of each applicant's credentials, their experience, and what was discerned during the interview process. The circuit court noted that, after completing the interviews, "the interviewers determined that [Cook] possessed the college-level education and persona that would make her a good fit for the position." Further, the circuit court noted that "although Mr. Black excused himself with a cough, he was present and answered all of the questions on [petitioner's] standard application evaluation form." While petitioner argues that the circuit court's finding in this regard constitutes error because these issues cannot be seen as anything other than "a significant flaw in the selection process," the Court agrees with the circuit court's reasoning on this issue. Respondent DOT's actions were valid because their decision was supported by substantial evidence, as addressed above, and by a rational basis regarding their reasons for selecting Respondent Cook. As such, the Court finds no error in the circuit court's finding that the ALJ erred in substituting her judgment for that of the interviewers in identifying an alleged flaw in the selection process.

In regard to petitioner's remaining assignment of error, the Court finds no merit in petitioner's argument that the circuit court incorrectly found that petitioner had to establish that

she was the most qualified candidate out of all applicants. According to petitioner, all she was required to establish was that she was more qualified than Respondent Cook. Based on the foregoing, including the Court's affirmation of the circuit court's findings as to Respondent Cook's qualifications, we find that petitioner could not even establish that she was more qualified than Respondent Cook. As such, petitioner has failed to establish error on the part of the circuit court.

Finally, the Court declines to grant respondent relief in regard to its cross-assignment of error. On appeal, Respondent DOT argues that the Grievance Board violated its right to cross-examine witnesses when it admitted and gave dispositive weight to an unauthenticated statement by a declarant who was not shown to be unavailable, whose statement directly contradicted that of three witnesses, and who had not been disclosed on petitioner's witness list. Respondent requests that should the Court reverse the circuit court's judgment as to petitioner's assignments of error, it also reverse the Grievance Board's decision and enter judgment for respondent based upon this alleged due process violation, or, in the alternative, that it remand the matter to the Grievance Board for proceedings wherein the statement is not admitted. However, in light of the foregoing, the Court finds this cross-assignment of error to be moot.

For the foregoing reasons, we find no error in the decision of the circuit court and its February 17, 2012 order reversing the Grievance Board's decision is affirmed.

Affirmed.

**ISSUED:** June 28, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis

**DISQUALIFIED:**

Justice Margaret L. Workman