# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Deborah Yost VanDervort,**
**Petitioner Below, Petitioner**

**FILED**

**November 16, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 18-0037**( Kanawha County 16-AA-118)

**West Virginia Public Service Commission,**
**Defendant Below, Respondent**

**and**

**Matthew J. Minney,**
**Intervenor Below, Respondent**

## MEMORANDUM DECISION

Petitioner Deborah Y. VanDervort, by counsel John Everett Roush, appeals the December 13, 2017, order of the Circuit Court of Kanawha County that denied petitioner's grievance before the Public Employee's Grievance Board. Respondent West Virginia Public Service Commission ("PSC"), by counsel Belinda B. Jackson, filed a response. Respondent Matthew J. Minney, by counsel E. Taylor George and Michael E. Mullins, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner Deborah Y. VanDervort is an attorney employed with the PSC as an Administrative Law Judge ("ALJ"). Petitioner has been continuously employed with the PSC since she was hired in August of 1989. Petitioner first served as an Attorney 2, in the Consumer Advocacy Position, before taking a position as an Administrative Law Judge in January of 2004. In June of 2014, petitioner was promoted to the position of ALJ-2. In October of 2014, the PSC posted the position of Deputy Chief Administrative Law Judge. This position required five years of full-time or part-time experience as an attorney with trial experience or as a judge of a court of record, and encompasses the following supervisory duties:

> "Performs advanced level administrative legal work, assisting the Chief Administrative Law Judge in the supervision and direction of the division including assisting in time management . . . general supervision of division employees. Performs work as required and as directed by the Chief

1

Administrative Law Judge. Responsible for assisting the Chief Administrative in directing and supervising the work of the professional legal staff, which may include assigning cases, setting hearing dates, assuring case calendar is kept current, reviewing recommended decisions and other orders by administrative law judges or hearing examiner for legal accuracy . . . Assists in training administrative law judges and other division personnel . . .

The PSC established a policy and procedure for filling the position that included a scoring framework to evaluate candidates for the position:

Legal experience (10 points); Adjudication Experience (10 points); Ability to communicate (10 points); Familiarity with Utility law (10 points); Indications of initiative (20 points); Judicial Temperament (25 points); Receptive Personality (ability to work with others) (25 points); Indications of leadership and management abilities (45 points); and Quality of legal writing samples and ability to defend them (45 points).

The PSC also developed interview questions designed to measure each applicant's qualifications based on the hiring criteria. An interview panel was composed of three individuals, Keith George, Chief ALJ of the PSC; Ingrid Ferrell, Executive Secretary of the PSC; and Elizabeth Sharp, PSC human resources representative. There were seven applicants for the Deputy ALJ position, and all of the applicants were current employees of the PSC. After each interview, the interviewee was scored according to the weighted selection criteria by Chief ALJ George and Ms. Ferrell. Respondent Matthew J. Minney scored highest, receiving 176 points. Petitioner was ranked fourth, receiving 143 points. Respondent Minney was selected for the position. At the time of his selection, Respondent Minney was employed as an attorney with the PSC. Prior to his tenure at the PSC, he served an unexpired term as Prosecuting Attorney for Calhoun County, was a writ clerk for the Supreme Court of Appeals of West Virginia, and served as a law clerk for a circuit court judge.

On February 27, 2015, petitioner filed a grievance with the Public Employee's Grievance Board.[1] In her grievance, she complained that Chief ALJ George's decision to hire Respondent Minney, a younger, non-minority male, who had never previously served as an ALJ, was "arbitrary, capricious, and based on favoritism," and alleged discrimination against petitioner on the basis of age and sex.[2] Petitioner requested, as relief, that she be employed as the Deputy Chief ALJ, or in the alternative, to be paid the equivalent pay of the Deputy Chief ALJ. A Level I grievance hearing was scheduled on March 18, 2015. Prior to that hearing, on March 4, 2015, the hearing administrator notified Respondent Minney that his rights may be substantially and adversely affected by the grievance, and on March 9, 2015, Respondent Minney filed an Intervention Form, requesting to be made a party to the grievance. Following a motion to

---

[1] Petitioner also filed a complaint with the West Virginia Human Rights Commission and the United States Equal Employment Opportunity Commission.

[2] Petitioner was sixty-two years of age at the time she filed the grievance. Respondent Matthew Minney is younger than petitioner and male.

continue by petitioner's counsel, a hearing was held on April 7, 2015, and the grievance was denied by order entered April 28, 2015. The Commission found that petitioner had the burden to prove the elements of her grievance, and that there was insufficient evidence to demonstrate that there was any flaw in the process used to select the Deputy Chief ALJ. Specifically, the Commission found that petitioner did not demonstrate that discrimination occurred, that the selection process was flawed, or that Respondent Minney did not meet the minimum requirements for the position.

Petitioner appealed the decision, and the matter proceeded to Level II, which required mediation. A mediation session was conducted on June 4, 2015, but was unsuccessful. A Level III evidentiary hearing was held on February 29, 2016. At this hearing, petitioner was represented by Gordon Simmons, a non-attorney union representative. At the hearing, petitioner presented the testimony of four witnesses: Chief ALJ George, Ms. Sharp, Ms. Ferrell, and petitioner. At the hearing, petitioner alleged that the proceedings below were unfair because the interview questions asked and the criteria upon which the applicants were scored were not related to the job description contained in the job posting. Petitioner also complained about the weight given to the scoring criteria, asserting that it was error for the PSC to weigh "receptive personality", and "indications of leadership and management ability", over experience as an adjudicator. She also alleged discrimination on the basis of age and sex.

At the hearing, Chief ALJ George, during direct examination, produced contemporaneous records of a series of incidents regarding the petitioner. The documents chronicled incidents between petitioner and other employees and numerous disagreements with secretaries and other staff. These documents were admitted over petitioner's objection; however, the circuit court agreed to schedule an additional day of the hearing in order to allow petitioner to present rebuttal evidence. The other witnesses testified to the interview process, and to petitioner's reputation for being difficult to work with and being quick to take offense. On that second day, petitioner testified and sought to introduce a number of documents and e-mails. Respondent Minney objected, stating that the contents of the e-mails were privileged communications between jurists, and the ALJ sustained the objection, but allowed petitioner to testify to the contents of the documents. Petitioner testified that she had a heavy workload, that Chief ALJ George acknowledged her hard work, and that she personally sacrificed for her employment. Petitioner also testified that Chief ALJ George made disparaging comments to petitioner about hiring women and older candidates.

Petitioner's arguments were rejected, and the Grievance Board denied her grievance by order entered November 14, 2016. The Grievance Board held that petitioner failed to meet her burden of proof regarding her discrimination claim, and failed to present any evidence that she was treated differently from her co-workers. Further, the Grievance Board found that petitioner's objection to interview questions that related to the applicant's leadership style and motivational style were reasonable, as the questions related to the management role of the Deputy Chief, and were important to the Chief ALJ.

The Grievance Board also found, regarding the criteria for selection, that it was not unreasonable for the PSC to weigh "leadership and management ability," and "receptive personality", over "legal experience," experience as an adjudicator", and "familiarity with

utilitarian law." The Grievance Board noted that Chief ALJ George determined that the most important functions for the Deputy Chief ALJ are the management and supervision of staff, and so the weight of factors was not arbitrary and capricious. The Grievance Board also determined that petitioner could not show that Respondent Minney was not qualified for the position. As a result, the grievance was denied.

Petitioner appealed the decision of the Grievance Board to the Circuit Court of Kanawha County. In her appeal, petitioner complained that the Grievance Board improperly admitted the documents submitted by Chief ALJ George, but denied the admission of petitioner's evidence and that the evidence was improperly weighed by the ALJ. Based upon the pleadings in the record, the circuit court affirmed the decision of the Grievance Board by order entered December 13, 2017. It is from that order that petitioner now appeals.

Petitioner raises four assignments of error on appeal.[3] Petitioner complains that (1) the circuit court erred in excluding e-mails that petitioner sought to introduce into the record; (2) the circuit court erred in failing to find a fatal flaw in the hiring process where the PSC relied upon unsubstantiated opinions about petitioner in making its hiring decision and in finding that petitioner had a contentious relationship with her co-workers; (3) the circuit court erred in failing to find that petitioner was the most qualified applicant for the position of Deputy Chief ALJ; and (4) the circuit court erred in finding that petitioner did not establish a claim for discrimination based upon sex and age.

We have held that "[w]hen reviewing the appeal of a public employees grievance, this Court reviews decisions of the circuit court under the same standard as that by which the circuit court reviews the decision of the administrative law judge." Syl. Pt. 1, *Martin v. Barbour Cty. Bd. of Educ.*, 228 W. Va. 238, 719 S.E.2d 406 (2011). The circuit court reviews the decisions of the ALJ under the following standard:

> [g]rievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed de novo." Syl. pt. 1, *Cahill v. Mercer Cnty. Bd. of Educ.,* 208 W.Va. 177, 539 S.E.2d 437 (2000).

---

[3] Petitioner also claimed as an assignment of error that the circuit court and Grievance Board "erred in failing to find a fatal flaw in the hiring process by the respondent's reliance upon negative statements which had not been previously shared with petitioner." However, petitioner did not raise this assignment of error in her appeal before the circuit court. We have held that "[e]rrors assigned for the first time on appeal will not be regarded in any matter of which the trial court had jurisdiction or which might have been remedied in the trial court had objection been raised there.'" Syl. Pt. 1, *State v. Berry*, 227 W. Va. 221, 707 S.E.2d 831 (2011) (internal citations omitted).

4

Syl. Pt. 2, *Martin*. Moreover we have held that, "[a] final order of the hearing examiner for the West Virginia [Public] Employees Grievance Board, made pursuant to W.Va. Code, [6C–2–1], *et seq.* [ ], and based upon findings of fact, should not be reversed unless clearly wrong." Syl. Pt. 3, *id.* (citation omitted).

First, petitioner argues that the circuit court erred in affirming the ALJ's decision to exclude certain e-mails that petitioner wished to introduce at the hearing. Petitioner avers that the PSC cited her perceived inability to work harmoniously with co-workers as a main factor in not awarding her the position. Petitioner explains that she sought to introduce certain e-mails that she believed countered that perception; however, the ALJ would not permit them into evidence. The PSC objected to the admission of the e-mails, citing deliberate process privilege, which exempts records of an administrative decision from disclosure. *See Daily Gazette Co. Inc. v. W. Va. Development Office*, 198 W. Va. 563, 572, 482 S.E.2d 180, 189 (1996)("The deliberative process privilege has been applied to exempt from disclosure written internal government communications, such as opinions and recommendations, which reflect an agency's deliberative or decision-making processes.")(internal citation omitted).

The circuit court found that petitioner waived her right to contest the exclusion of her evidence because she did not present any authority to rebut the objection of judicial privilege. The circuit court found that it was petitioner's responsibility to redact the documents, or otherwise limit them in order to make them admissible. The circuit court found further that petitioner failed to lodge the documents in the record, make an offer of proof, or preserve the documents for appeal, and without the documents the circuit court could not make a proper determination of their admissibility. We have held that, "'[r]ulings on the admissibility of evidence are largely within a trial court's sound discretion and should not be disturbed unless there has been an abuse of discretion.' *State v. Louk,* W.Va., 301 S.E.2d 596, 599 (1983)." Syl. Pt. 2, *State v. Peyatt*, 173 W. Va. 317, 315 S.E.2d 574 (1983).We agree with the circuit court's determination and find no error.

Petitioner next argues that the circuit court erred in failing to find a fatal flaw in the hiring process, which petitioner claims was tainted by unsubstantiated opinions of employees of the PSC. Similarly, petitioner claims, as error, that the circuit court and ALJ erred in finding that petitioner had a contentious relationship with her co-workers. We have held that, "[w]e must uphold any of the ALJ's factual findings that are supported by substantial evidence, and we owe substantial deference to inferences drawn from these facts." *Conner v. Barbour Cty. Bd. of Educ.*, 200 W. Va. 405, 407-08, 489 S.E.2d 787, 789-90 (1997). Here, the record reflects that during the Level III hearing, Chief ALJ George produced contemporaneous documentation of incidents of discord involving petitioner. The record further reflects that the documents were largely e-mails, Chief ALJ George wrote to himself, logging the incidents of petitioner's behavior toward other employees and a "repeated pattern of disagreements with secretaries and staff." Accordingly, we find no error.

Petitioner also argues that the circuit court erred in failing to find that she was the most qualified applicant for the position. Petitioner complains that the selection process afforded undue weight to certain characteristics over others, and asserts that if one were to remove criteria regarding interpersonal skills, she is the most qualified candidate for the position. The circuit court and Grievance Board found that the selection process was not flawed. Citing *Jesse Clark v.*

*Department of Transportation*, W. Va. Educ. St. Emp. Griev. Bd., Docket No. 05-DMV-453, 3 (January 23, 2007), the circuit court found that

> [i]n selecting a candidate for a management position, the appointing authority may consider subjective factors outside of a rote calculation of length and experience. For example an employer may consider the appropriate personality traits and abilities necessary to motivate and supervise subordinates. An applicant with less seniority may possess superior qualities or qualifications for a particular position.

Generally, "[a]n agency's decision as to who is the best qualified applicant will be upheld unless shown by the grievant to be arbitrary and capricious or clearly wrong." *Thibault v. Div. of Rehab. Serv.*, W. Va. Educ. St. Emp. Griev. Bd., Docket No. 93-RS-489, (July 29, 1994). Further, "'[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis.' Syllabus Point 3, *In re Queen,* 196 W.Va. 442, 473 S.E.2d 483 (1996)." Syl., *Adkins v. W. Va. Dep't of Educ.*, 210 W. Va. 105, 556 S.E.2d 72 (2001). Here, the evidence reveals that petitioner was one of seven applicants for the position of Deputy ALJ, and, among the applicants, petitioner ranked fourth with 143 points. The record further reflects that the relationships between the ALJs became strained and "sometimes combative" and that Chief ALJ George was seeking a candidate to foster a more collegial and productive work environment for the ALJs. Accordingly, upon our review of the record, we find no error.

Finally, petitioner claims that the circuit court erred in finding that petitioner was not discriminated against on the basis of her age and sex. Petitioner argues that, pursuant to West Virginia Code § 6C-2-2, she proved below that she was discriminated against by showing that she was treated differently than a younger male employee and was passed over for a promotion in his favor. For purposes of a grievance proceeding, "discrimination" is defined as "any differences in the treatment of similarly situated employees, unless the differences are related to the actual job responsibilities of the employees or are agreed to in writing by the employees." W. Va. Code § 6C-2-2(d). Here, the circuit court found that petitioner provided no evidence that she was treated differently from her colleagues. The record reflects that all applicants were granted a ninety minute interview, were asked the same questions, and were scored on the same criteria. Petitioner provided no evidence, save her own testimony, to support her contention that she was treated differently than similarly situated employees, despite being given an extra day to produce additional evidence. As a result, we find no error.

The circuit court's order reflects its thorough analysis of the grounds properly raised in this petition for appeal. Having reviewed the opinion order entered December 13, 2017, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 16, 2018

**CONCURRED IN BY:**

Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment


**DISQUALIFIED:**

Chief Justice Margaret L. Workman
Justice Tim Armstead